UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF DINA HLACE<br><br>REQUEST FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782. | Civil Action No. 21-Misc. _____ |

### *EX PARTE* APPLICATION
### FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

Applicant Dina Hlace ("Applicant"), an individual residing in Buenos Aires, Argentina respectfully applies to this Court for an Order, pursuant to 28 U.S.C. § 1782 ("Application") granting her leave to serve HSBC USA, Inc., Bank of New York Mellon Corporation, and Citigroup, Inc. (collectively, "the Financial Institutions") with subpoenas in substantially the same form as those attached as Exhibits A-C to the contemporaneously-filed Declaration of David M. Levine for the production of relevant documents in the Financial Institutions' possession, custody, and/or control for use in a civil case pending in Argentina.

This Application seeks a routine order from this Court authorizing discovery from certain financial institutions residing in this District for use in a foreign proceeding pursuant to 28 U.S.C. § 1782 ("Section 1782"). Specifically, Applicant seeks to issue and serve the above-mentioned subpoenas for the production of documents related to any accounts under the name of Roberto Hlace and/or the HM Broker Irrevocable Trust (the "Hlace Trust").[1] The purpose of this limited

---

[1] Applicant expressly reserves the right to seek additional discovery pursuant to 28 U.S.C. § 1782 regarding any other financial institution within the jurisdiction of this Court to which the Hlace Trust may have transferred money from the Financial Institutions.

discovery is to obtain necessary information for the marshalling of assets belonging to the estate of Roberto Hlace, of which Applicant is a beneficiary.

Pursuant to Section 1782, an applicant may be granted discovery in the United States in aid of a pending foreign litigation, or a reasonably contemplated foreign proceeding, if: "(1) the person [or entity] from whom discovery is sought resides (or is found) in the district . . . , (2) the discovery be for use in a proceeding before a foreign tribunal, and (3) the application be made by a foreign or international tribunal or any interested person." *Certain Funds, Accounts and/or Inc. Vehicles v. KPMG, L.L.P.*, 789 F.3d 113, 117 (2d Cir. 2015) (citations omitted).

This Application meets all of the Section 1782 statutory and discretionary requirements for obtaining this discovery. In particular, the following statutory requirements of Section 1782 are met:

(1) The Financial Institutions operate within this District;

(2) The requested records are to aid, and for use in, the ongoing civil case pending in the Argentine National Court of First Instance for Civil Matters No. 97, Case No. 32244/2017, filed on May 24, 2017 (the "Argentine Proceeding"); and,

(3) Applicant is a party to the Argentine Proceeding and an "interested person" in that case as both heir of Roberto Hlace and a named beneficiary of the Hlace Trust. Moreover, Applicant has reason to believe that the trustees, two Argentine residents, improperly concealed or transferred funds belonging to Roberto Hlace and/or the Hlace Trust through the use of accounts at the Financial Institutions, and thus, anticipates starting proceedings in Argentina against the trustees.

The relief sought through this Application is authorized by Section 1782 and has been routinely granted in this District and in other courts in relation to similar Section 1782 applications, as well as applications for discovery in support of foreign probate and litigation matters.

What is more, the Honorable Marcia Cooke of the U.S. District Court for the Southern District of Florida previously granted Applicant's nearly identical Section 1782 application in connection with the same Argentine Proceeding in order to conduct discovery from various Florida financial entities.  *See* Order Granting *Ex Parte* Application for Discovery Pursuant to 28 U.S.C. § 1782, attached hereto as **Exhibit A**. There, Judge Cooke found, as this Court should, that Applicant satisfied the requirements of Section 1782 and was entitled to discovery in aid of the Argentine Proceeding.  *Id*.

Once the requirements of Section 1782 are met, the district court must exercise its discretion in light of the statute's twin aims and consider the discretionary factors that the U.S. Supreme Court outlined in *Intel Corp. v. Advances Micro Devices, Inc.*, 542 U.S. 241 (2004).

As further explained in the contemporaneously-filed Memorandum of Law, all discretionary factors weigh in favor of granting this Application.  The Financial Institutions are not parties to the Argentine Proceeding, Applicant is not attempting to circumvent any requirements of the Argentine tribunal, the receptivity of the Argentine courts to United States Federal judicial assistance may be inferred from letters rogatory frequently issued by Argentine tribunals and from Argentina's adherence to the Hague Convention, and the discovery sought is not unduly burdensome or intrusive.

In addition, granting this Application will further the twin aims of Section 1782 in providing efficient means of assistance to participants in international litigation in our federal

courts, while also encouraging foreign courts, by example, to provide similar means of reciprocal assistance to our courts. *See Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015).

In support of this Application, Applicant submits her Memorandum of Law, the supporting declaration of Argentine attorney Juan Martin Arocena, dated October 29, 2021, the supporting declaration of attorney David M. Levine dated, dated November 2, 2021, and a proposed Order granting this relief.

Accordingly, Applicant respectfully requests that this Court enter an Order authorizing her to issue and serve subpoenas to the Financial Institutions for the production of documents related to any accounts under the name of Roberto Hlace or the Hlace Trust.

Dated: November 2, 2021

Respectfully submitted,

**SANCHEZ FISCHER LEVINE LLP**
555 Madison Avenue, 5th Floor
New York, New York 10022
(646) 661-2042

*/s/ David M. Levine*
David M. Levine, Esq.
Fla. Bar No. 84431
New York Bar No. 5079942
Email: dlevine@sfl-law.com
Antonia Iragorri, Esq.
Fla. Bar No. 1025034
Email: airagorri@sfl-law.com