## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF DINA HLACE

Misc. Case No.: 21-mc-00801

REQUEST FOR DISCOVERY
PURSUANT TO 28 U.S.C. § 1782.

---

## MEMORANDUM OF LAW IN SUPPORT OF DINA HLACE'S
## *EX PARTE* APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

**SANCHEZ FISCHER LEVINE LLP**
555 Madison Avenue, 5th Floor
New York, New York 10022
(646) 661-2042

*/s/ David M. Levine*
David M. Levine, Esq.
New York Bar No. 5079942
Fla. Bar No. 84431
Email: dlevine@sfl-law.com
Antonia Iragorri, Esq.
Fla. Bar No. 1025034 (*pro hac vice forthcoming*)
Email: airagorri@sfl-law.com

*Attorneys for Applicant Dina Hlace*

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

I.     JURISDICTION AND VENUE .....................................................................2

II.    FACTUAL BACKGROUND AND PENDING FOREIGN PROCEEDING ...................2

    A.  THE PARTIES ....................................................................................2
    B.  THE ARGENTINE PROCEEDING .......................................................2
    C.  THE ARGENTINE TRIBUNAL..........................................................3
    D.  THE DOCUMENTS REQUESTED ...................................................3-4
    E.  THE SUBPOENAS ..............................................................................4

III.   ARGUMENT ..............................................................................................5

    A. THE APPLICATION SATISFIES THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782 ...................................................................................5

        1.    The Financial Institutions have possession, custody, or control of the discovery sought, and each resides in or should be found within the District ...................................................................................5-6
        2.    Discovery is sought for use in the Argentine Proceeding before an Argentine Tribunal................................................................................6
        3.    The Applicant is an "interested person" to the pending and contemplated foreign proceedings ........................................................7
        4.    No factors weigh against allowing discovery ...........................7

    B. THE APPLICANT ALSO SATISFIES THE SUPREME COURT'S DISCRETIONARY FACTORS ................................................................7

        1.    The Financial Institutions are Not Participants in the Foreign Proceeding ...................................................................................8-9
        2.    The Nature of the Argentine Tribunal Does Not Weigh Against Granting the Application ...............................................................9-10
        3.    The Application Does Not Seek to Circumvent Foreign Proof-Gathering Restrictions ...........................................................10-11
        4.    The Application is Narrowly-Tailored...................................11-12

IV.   CONCLUSION .........................................................................................12

## TABLE OF AUTHORITIES

**Cases**                                                                                               **Pages**

*Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Int'l (USA) Ltd.*, 785 F. Supp. 2d 434
 (S.D.N.Y. 2011) .................................................................................................................6

*Anwar v. Farfield Greenwich Ltd.*, 297 F.R.D. 223 (S.D.N.Y. 2013)..........................................11

*Certain Funds, Accounts and/or Inc. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113 (2d Cir. 2015) .....5

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004)  ...............1, 5, 6, 7, 8, 9, 10, 11

*In re Accent Delight International Ltd.*, 791 F. App'x 247 (2d. Cir. 2019) ...................................8

*In re Application of Gorsoan Ltd. and Gazprombank OJSC for an Order Pursuant to 28 U.S.C.
 1782*, No. 13 Misc. 397 (PGG), 2014 WL 7232262 (S.D.N.Y. Dec. 10, 2014)..........................9

*In re Metallgesellschaft*, 121 F.3d 77, 79 (2d Cir. 1997) ..............................................................5

*In re Postalis*, No. 18-MC-497 (JGK), 2018 WL 6725406 (S.D.N.Y. Dec. 20, 2018)  .................5

*In re Vale S.A.*, Case No.: 20-mc-199 (JGK)(OTW), 2021 WL 311236 (S.D.N.Y. Jan. 29, 2021)
 ......................................................................................................................................................11

*Mees v. Buiter*, 793 F.3d 291 (2d Cir. 2015) ....................................................................5, 10, 11

*Petersen Energia Inversora, S.A.U. v. Argentine Republic*, Case No. 1:16-CV-08569, 2020 WL
 5913412 (S.D.N.Y. Oct. 6, 2020)  .............................................................................................9

*Scmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79 (2d Cir. 2004) ..............................5, 7


**Statutes**

28 U.S.C. § 1782.......................................................................................................... passim

28 U.S.C. § 1782(a) .............................................................................................................1, 5, 6

## INTRODUCTION

Applicant Dina Hlace ("Applicant"), an individual residing in Buenos Aires, Argentina, respectfully submits this Memorandum of Law in support of her *Ex Parte* Application for Discovery Pursuant to 28 U.S.C. § 1782 (the "Application").

The Application seeks a routine order from this Court authorizing discovery from certain New York financial institutions for use in a foreign proceeding currently pending in Argentina. Specifically, Applicant seeks to issue and serve subpoenas on HSBC USA, Inc., Bank of New York Mellon Corporation, and Citigroup, Inc. (collectively, the "Financial Institutions"), for the production of documents related to any accounts under the name of Roberto Hlace and/or the HM Broker Irrevocable Trust (the "Hlace Trust"). The purpose of this limited discovery is to obtain necessary information for the marshalling of assets belonging to the estate of Roberto Hlace, for which Applicant is a beneficiary.

28 U.S.C. § 1782 ("Section 1782") permits "the district court of the district in which a person resides or is found" to order the production of discovery "for use in a proceeding in a foreign or international tribunal" upon the application of "any interested person." 28 U.S.C. § 1782 (a). Section 1782 similarly encompasses proceedings that may be reasonably contemplated in a foreign or international tribunal. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). As set out in greater detail below, Applicant meets the necessary statutory requirements, as well as the discretionary requirements, for obtaining discovery pursuant to Section 1782.

This Application is properly filed *ex parte*, and does not prejudice the Financial Institutions' rights to later challenge the requests made herein. As such, Applicant requests that this Application be granted in its entirety.

## I. <u>JURISDICTION AND VENUE</u>

Jurisdiction and venue are proper pursuant to Section 1782, as this Application seeks the discovery of documents and other relevant information that are located (i) within the United States, and (ii) are in the possession, custody, and/or control of the Financial Institutions, all of which reside and are found within this District.  Further, the documents being sought are to assist the Applicant in a pending proceeding in Argentina.

## II. <u>FACTUAL BACKGROUND AND PENDING FOREIGN PROCEEDING</u>

The factual background is based upon the declaration of Juan Martin Arocena (the "Declaration"), an Argentine attorney, who is currently representing Applicant in the Argentine Proceeding.  *See* Declaration of Juan Martin Arocena, attached hereto as **Exhibit A.**

### A.  THE PARTIES

Applicant, Dina Hlace, is a resident of Buenos Aires, Argentina and the daughter of Roberto Hlace, who passed away on April 21, 2017. *See* Decl. at ⁋ 9.  Applicant is also the beneficiary of the 2012 HM Brokers Irrevocable Trust (the "Hlace Trust") created by Roberto Hlace. *Id*. at ⁋ 10.  The Financial Institutions operate and/or may be found within this District and are not parties to the Argentine Proceeding.  *Id*. at ⁋ 13.

### B.  THE ARGENTINE PROCEEDING

After his death, the estate of Roberto Hlace was admitted to probate on May 24, 2017 in the Argentine National Court of First Instance for Civil Matters No. 97 (the "Argentine Tribunal"), where it was assigned case No. 32244/2017 (the "Argentine Proceeding"). *Id*. at ⁋ 5.  The Argentine Proceeding remains open and pending, and Applicant is attempting to assist in the marshalling of assets believed to have been improperly diverted from the estate of Roberto Hlace, as well as the Hlace Trust. *Id*. at ⁋ 7.

2

Furthermore, Applicant has reason to believe that the trustees charged with managing the Hlace Trust, two Argentine residents, have improperly concealed or transferred funds belonging to Roberto Hlace and/or the Hlace Trust through the use of accounts at the Financial Institutions. *Id*. As such, Applicant anticipates starting proceedings in Argentina against the trustees for their misconduct. *Id*.

### C. THE ARGENTINE TRIBUNAL

The Argentine Tribunal is a conventional court in the Argentine national court system having jurisdiction over probate proceedings. *Id*. at ¶ 19. During probate proceedings, evidence is submitted to the Argentine Tribunal, and the Argentine Tribunal has the power to make determinations on the basis of such evidence. *Id*.

### D. THE DOCUMENTS REQUESTED

Applicant seeks the following limited documents dating back to 2010 from the Financial Institutions, and which are located within this District:

(a) All documents pertaining to any open or closed checking, savings, money market, investment or other accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

    i.   Bank statements;
    ii.   Cancelled checks;
    iii.   Deposit tickets;
    iv.   Items deposited;
    v.   Credit and debit memos; and,
    vi.   Form 1099, 1089, or back-up withholding documents.

(b) All documents pertaining to wire transfers sent or received in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

    i.   Fed Wire, CHIPS, SWIFT, or other money transfer of message documents;
    ii.   Documents (checks, debit memos, cash out tickets, wires in, etc.,) reflecting the source of the funds wired out of the account;
    iii.   Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting the ultimate dispositions within the bank of the funds wired into the account; and,

iv.   Notes, memoranda or other writings pertaining to the sending or receipt of wire transfers.

(c)   All documents pertaining to all Cashier's Manager or Bank Checks, Traveler's Checks, and Money Orders purchased or negotiated by accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

    i.   Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which the checks or money orders were purchased;
    ii.   Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting disbursements of the proceeds of any negotiated checks or money orders; and,
    iii.   Applications for purchase of checks or money orders; and,
    iv.   Retained copies of negotiated checks or money orders.

(d)   Customer correspondence filed for accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust.

(e)   All documents pertaining to current or expired safe deposit box rentals by or under the signatory authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

    i.   Contracts; and
    ii.   Entry records.

(f)   All documents pertaining to open or closed bank credit in the name of or under the signatory authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

    i.   Application for credit;
    ii.   Monthly statements; and,
    iii.   Financial statements.

## E.  THE SUBPOENAS

Applicant requests that this Court enter an Order directing subpoenas be issued to each of the Financial Institutions, and that the subpoenas provide that they produce documents within their possession, custody, and/or control to Applicant for her use in the Argentine Proceeding. *See* Proposed Subpoenas attached hereto as **Composite Exhibit B.**[1]

---

[1]   The subpoenas are also attached to the Declaration of David M. Levine, Esq., filed contemporaneously herewith.

III.    **ARGUMENT**

   **A.  THE APPLICATION SATISFIES THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782**

Section 1782 provides for U.S.-based discovery in aid of foreign proceedings.  *See* 28 U.S.C. § 1782(a).  In order to qualify for relief under Section 1782 three statutory requirements must be met: "(1) the person from whom discovery is sought resides (or is found) in the district …, (2) the discovery be for use in a proceeding before a foreign tribunal, and (3) the application be made by a foreign international tribunal or any interested person." *Certain Funds, Accounts and/or Inc. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 117 (2d Cir. 2015) (citations omitted).

The Supreme Court and the Second Circuit have interpreted Section 1782 as having a broad application.  *See Intel*, 542 U.S. at 259; *see also In re Metallgesellschaft*, 121 F.3d 77, 79 (2d Cir. 1997) ("The permissive language of § 1782 vests district courts with discretion to grant, limit, or deny discovery.").  "'This discretion, however, is not boundless,' [and] must be exercised 'in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Mees v. Buiter*, 793 F.3d 291, 298-99 (2d Cir. 2015) (citing *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004)).

   1. **The Financial Institutions have possession, custody, and/or control of the discovery sought, and each resides in or should be found within the District**

For purposes of Section 1782, "a company is found where it is incorporated or headquartered."  *In re Postalis*, No. 18-MC-497 (JGK), 2018 WL 6725406, at *3 n. 4 (S.D.N.Y. Dec. 20, 2018).  Here, the Financial Institutions (Bank of New York Mellon Corporation, CitiGroup, Inc., and HSBC USA, Inc.) all maintain their U.S corporate headquarters in Manhattan and do business here.  *See* Archive of Bank of New York Mellon Corp., SEC Edgar Search Results,

https://www.sec.gov/edgar/browse/?CIK=1390777&owner=exclude (last visited Oct. 18, 2021); Archive of HSBC USA Inc., SEC Edgar Search Results https://www.sec.gov/cgi-bin/browse-edgar?action=getcompany&CIK=0000083246&owner=include&count=40&hidefilings=0 (last visited Oct. 18, 2021); Archive of Citigroup, Inc., SEC Edgar Search Results https://www.sec.gov/edgar/browse/?CIK=1390777&owner=exclude (last visited Oct. 18, 2021).

Accordingly, all three Financial Institutions are "found in" the Southern District of New York for the purposes of Section 1782. *See Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Int'l (USA) Ltd.*, 785 F. Supp. 2d 434, 438 (S.D.N.Y. 2011)(finding the first statutory requirement under 1782 met where "[a]ll respondents have offices and do business in Manhattan and thus 'reside' in the Southern District of New York.")

## 2. Discovery is sought for use in the Argentine Proceeding before an Argentine Tribunal

The discovery sought through this Application is "for use in a proceeding in a foreign or international tribunal," specifically in the Argentine Proceeding before the Argentine Tribunal for the probate of Roberto Hlace's estate and the Hlace Trust. *See* 28 U.S.C. § 1782(a); *see also* Decl. at ¶ 12. In *Intel*, the Supreme Court confirmed a low threshold for satisfying the "foreign international tribunal" requirement, finding that the foreign proceeding need only be within "reasonable contemplation" to meet the statutory requirement. *Intel*, 542 U.S. at 259.

Here, the Argentine Proceeding commenced on May 24, 2017, and remains pending before the Argentine Tribunal. *See* Decl. at ¶ 12. In addition, Applicant intends to commence a judicial proceeding in Argentina for theft, fraud, and embezzlement before one or more Argentine tribunals if her information and belief that the trustees have engaged in wrongful conduct under Argentine law is confirmed through the discovery requested herein. *Id*. at ¶ 16.

3.     **The Applicant is an "interested person" to the pending and contemplated foreign proceedings**

Applicant, Dina Hlace, qualifies as an "interested person" in the pending Argentine Proceeding because she is the daughter and heir of Roberto Hlace and a beneficiary to the Hlace Trust. Decl. at ¶¶ 9-10.  Additionally, as a beneficiary to the Hlace Trust, Applicant would be a direct, and interested party of her reasonably contemplated, forthcoming action against the trustees for misconduct.  As the Supreme Court said in *Intel*, "any interested person is intended to include not only litigants before foreign or international tribunals, but also . . . any other person whether he be designated by foreign law or international convention or merely possess a reasonable interest in obtaining the assistance." *Intel*, 542 U.S. at 257.

4.     **No factors weigh against allowing discovery**

Additionally, no factors contrary to allowing the requested discovery exist.  The twin aims of Section 1782 are to provide "efficient means of assistance to participants in international litigation in our federal courts and encourag[e] foreign countries by example to provide similar means of assistance to our courts…." *Schmitz*, 376 F.3d at 84.  Here, the twin aims will be met by granting the requested discovery.  The discovery Applicant seeks will assist the Argentine Tribunal in the current, pending Argentine Proceeding, and further assist Applicant in determining whether additional action must be taken against the trustees pursuant to Argentine law.  As such, this Application should be granted.

## B. THE APPLICANT ALSO SATISFIES THE SUPREME COURT'S DISCRETIONARY FACTORS

In *Intel*, the Supreme Court identified, in addition to the statutory requirements under Section 1782, four discretionary factors that bear consideration in ruling on a Section 1782 application.  *See generally, Intel* 542 U.S. at 241.  Although the factors are not mandatory, the

Supreme Court nonetheless emphasized that the following questions should be considered when dealing with a Section 1782 application:

(1) whether the person from whom discovery is sought is a participant in the foreign proceeding;

(2) the nature of the foreign tribunal, the character of the proceedings before the foreign tribunal, and the receptivity of the foreign government, court, or agency to judicial assistance;

(3) whether the request conceals an attempt to circumvent foreign proof-gathering limits or other policies of the foreign country or the United States; and

(4) whether the discovery request is unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264-65.

Here, all four *Intel* factors weigh in favor of granting the Application and permitting the requested discovery.

### 1. The Financial Institutions are Not Participants in the Foreign Proceeding.

Discovery under Section 1782 is generally available when the party from whom discovery is sought is a "nonparticipant to the matter arising abroad." *Intel*, 542 U.S. at 264; *see also In re Accent Delight International, Ltd*., 791 F. App'x 247, 251 (2d Cir. 2019) (finding that it was within the district court's discretion "to find that Petitioners satisfied the first *Intel* factor" upon discovering that "Sotheby's [was] not a party to the Monaco proceeding for which the Petitioner [sought] discovery.").

Here, none of the Financial Institutions are parties to, nor participants in, the Argentine Proceeding. Therefore, the first *Intel* factor weighs in favor of granting Applicant's request. Further, Applicant would not be able to obtain discovery from the Financial Institutions in Argentina, as they are outside the Argentine Tribunal's jurisdiction. *See* Decl. at ¶ 13; *see also*

8

*Intel*, 542 U.S. at 264 (holding that "non-participants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; [and] their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.").

>    **2.    The Nature of the Argentine Tribunal Does Not Weigh Against Granting the Application.**

The second *Intel* factor "take[s] into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to the U.S. federal-court judicial assistance." *Id.* Here, the nature of the Argentine Proceeding does not implicate any factor or policy that would weigh against granting the Application. Specifically, this District's act in granting the Application would not conflict with "the nature of the foreign tribunal," nor would it conflict with the Argentine Tribunal's use of evidence gathered under foreign procedures. *Id.* at 264-65. Instead, an order granting the Application would serve to provide the necessary evidence needed in the Argentine Proceeding and which is required to disburse the property of the estate of Roberto Hlace and further advance the Argentine Proceeding.

Moreover, because Argentina is a signatory to the Hague Convention, this Court should find that granting the Application is favorable. *See In re Application of Gorsoan Ltd. and Gazprombank OJSC for an Order Pursuant to 28 U.S.C. 1782*, No. 13 Misc. 397 (PGG), 2014 WL 7232262, at *8 (S.D.N.Y. Dec. 10, 2014) ("[S]everal U.S. courts have granted discovery requests pursuant to Section 1782 in aid of proceedings in Cyprus, suggesting that Cyprus's ratification of the Hague Convention does not foreclose Section 1782 discovery in aid of proceedings in Cyprus."); *see also Petersen Energia Inversora, S.A.U. v. Argentine Republic*, Case No. 1:16-CV-08569, 2020 WL 5913413, at *1 (S.D.N.Y. Oct. 6, 2020) ("This Court is authorized to request depositions abroad by letter of requests under 28 U.S.C. § 1781(b)(2) and Chapter I of

the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters [ ], 23 U.S.T. 2555, T.I.A.S. 7444.  This Court may grant reciprocal assistance by the enforcement of letter of requests from the Argentine courts pursuant to its authority under 28 U.S.C. §  1782."). The Argentine Proceeding is the type of proceeding for which discovery under Section 1782 is well-suited and appropriate, and the subpoenas are tailored to obtain evidence in support of the Proceeding.  Moreover, the discovery sought is the type of evidence that will assist the Argentine Tribunal in determining how the property associated with Roberto Hlace and the Hlace Trust should be properly disbursed.  Finally, there are no statutes or case law indicating that an Argentine Tribunal would not be receptive to assistance from the United States federal court in this manner.

### 3. The Application Does Not Seek to Circumvent Foreign Proof-Gathering Restrictions.

Next, the Application does not "conceal[] an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States."  *Intel*, 542 U.S. at 244-45. According to the Second Circuit in *Mees*, this factor concerns whether an application would circumvent "proof-gathering restrictions" and "rules akin to privileges that prohibit the acquisition or use of certain materials." 793 F.3d at 303 n. 20.  In the absence of such affirmative restrictions, "a 1782 application should not be rejected on the ground that the discovery would not be available in the foreign proceedings."  *Id*.  (finding "[t]hat [even if] a country does not enable broad discovery within a litigation [it] does not mean that it has a policy that restricts parties from obtaining evidence through other lawful means.").

Here, Applicant is seeking discovery that would assist in the Argentine probate proceedings, but which discovery would not be available to the Argentine Tribunal otherwise. *See* Decl. at ⁋ 14.  As such, approving such discovery is consistent with the goals of the Argentine

Proceedings, would be in the interests of justice, and would not act to circumvent any Argentine laws or other proof-gathering restrictions.

### 4. The Application is Narrowly Tailored.

Finally, nothing in this Application is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. The Second Circuit has analyzed this fourth *Intel* factor through its application of "the familiar standard of Rule 26 of the Federal Rules of Civil Procedure." *Mees*, 793 F.3d at 302. Accordingly, as this District has stated, the "Court must balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it." *Anwar v. Fairfield Greenwich Ltd.*, 297 F.R.D. 223, 225 (S.D.N.Y. 2013) (finding that "inconvenience alone will not justify an order to quash a subpoena that seeks potentially relevant testimony.").

Here, the discovery requested is neither unduly intrusive nor burdensome. As stated, the discovery requests are both narrowly tailored and relevant to the Argentine Proceeding. Applicant seeks information relating to the Financial Institutions where funds belonging both to Roberto Hlace and the Hlace Trust were/are held, and that would assist the Argentine Tribunal in marshalling the assets of the estate appropriately.[2] Furthermore, the Financial Institutions are

---

[2] Assets associated with Roberto Hlace and/or the Hlace Trust were deposited into the Financial Institutions as early as 2010. However, the handling of such assets between then and the initiation of the probate proceeding (i.e., May 2017) remains unknown. As such, the time frame for the request is appropriate given the need to obtain relevant information relating to the handling of such assets for purposes of the Argentine Proceeding. *See In re Vale S.A.*, Case No.: 20-mc-199 (JGK)(OTW), 2021 WL 311236, at *4 (S.D.N.Y. Jan. 29, 2021) (Finding that "Vale's subpoenas [were] relevant and sufficiently limited in time and context" where the "the specific allegations of the application, and Vale's stated objective [was] of tracing some portions of $500 million paid in 2010 and allegedly received by respondents.").

11

likely to maintain the materials and information sought, and discovery will reveal whether the trustees were violating Argentine law and committing fraud, embezzlement, or theft.

As such, the requests are narrowly tailored to the key issues in the Argentine Proceeding, as well as the contemplated proceeding against the trustees, and support the granting of this Application.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons Applicant, Dina Hlace, respectfully requests that this Court grant the Application as well as any other relief that the Court finds just and proper.

Dated: November 3, 2021                    Respectfully submitted,

**SANCHEZ FISCHER LEVINE LLP**
555 Madison Avenue, 5th Floor
New York, New York 10022
(646) 661-2042
*/s/ David M. Levine*
David M. Levine, Esq.
Fla. Bar No. 84431
New York Bar No. 5079942
Email: dlevine@sfl-law.com
Antonia Iragorri, Esq.
Fla. Bar No. 1025034 (*pro hac vice pending*)
Email: airagorri@sfl-law.com