# Exhibit C

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

In re Application of Dina Hlace
*Plaintiff*
v.

*Defendant*

Civil Action No. 21-mc-00801

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: CITIGROUP INC.
C/O RECORDS CUSTODIAN

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached.

| Place: Sanchez Fischer Levine LLP<br>1200 Brickell Avenue, Suite 750<br>Miami, Florida 33131 | Date and Time: |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __________

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Dina Hlace Applicant , who issues or requests this subpoena, are:

David M. Levine, Esq., 555 Madison Avenue, 5th Floor, New York, NY 10022, dlevine@sfl-law.com, (646) 661-2024

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ________________
on *(date)* ________ .

❒ I served the subpoena by delivering a copy to the named person as follows: __________

____________________ on *(date)* ________ ; or

❒ I returned the subpoena unexecuted because: ________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ________ .

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ________

________________
*Server's signature*

________________
*Printed name and title*

________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

For purposes of this Subpoena, the following definitions apply:

1. "Document" shall mean any writing, recording, including but not limited to any electronically stored information, writing, or photograph, in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: e-mails, text messages, correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, financial statements, balance sheets, purchase orders, tax returns, computer printouts, microfilms, video tapes or tape recording, bank drafts, checks, money orders, certified checks, bank statements, and balance sheets.

2. "Relate," "related" and "relating" shall mean "relating to, referencing, referring to or pertaining to."

3. "You" and "Your" means Citigroup, Inc., and all of its affiliates, subsidiaries, divisions, predecessors and successor entities, together with all of their officers, agents, employees, directors, representatives, successors and assigns.

4. Unless otherwise specified, this Subpoena covers the time period **January 1, 2010,** through the present and is for all documents in your possession, custody, or control, or in the possession, custody or control of any of your agents, servants, employees, representatives, consultants, accountants, attorneys, and/or wholly owned or controlled subsidiaries, joint ventures or affiliates, or subject to your and/or the person's mentioned above custody and/or control wherever located.

## INSTRUCTIONS

1. Each document requested shall be produced in its entirety. If any part of a document is responsive to any of the following requests, the entire document should be produced. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production to the remainder is not possible.

2. If you object to fully identifying or producing a document, electronically stored information or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

   a. the nature of the privilege claimed (including work product);

   b. if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

   c. the date of the document, electronically stored information or oral communication;

   d. if a documents: its type (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet), and the custodian, location, and such other information sufficient to identify the material for a subpoena duces tecum or a production request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

   e. if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant, and the general subject matter of the document, electronically stored information or oral communication.

**DOCUMENTS REQUESTED**

1. All documents pertaining to any open or closed checking, savings, money market, investment or other accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

   a. Bank statements;
   b. Cancelled checks;
   c. Deposit tickets;
   d. Items deposited;
   e. Credit and debit memos; and,
   f. Form 1099, 1089, or back-up withholding documents.

2. All documents pertaining to wire transfers sent or received in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

   a. Fed Wire, CHIPS, SWIFT, or other money transfer of message documents;
   b. Documents (checks, debit memos, cash out tickets, wires in, etc.,) reflecting the source of the funds wired out of the account;
   c. Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting the ultimate dispositions within the bank of the funds wired into the account; and,
   d. Notes, memoranda or other writings pertaining to the sending or receipt of wire transfers.

3. All documents pertaining to all Cashier's Manager or Bank Checks, Traveler's Checks, and Money Orders purchased or negotiated by accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

   a. Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which the checks or money orders were purchased;
   b. Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting disbursements of the proceeds of any negotiated checks or money orders; and,
   c. Applications for purchase of checks or money orders; and,
   d. Retained copies of negotiated checks or money orders.

4. Customer correspondence filed for accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust.

5. All documents pertaining to current or expired safe deposit box rentals by or under the signatory authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

a. Contracts; and
b. Entry records.

6. All documents pertaining to open or closed bank credit in the name of or under the signatory authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

a. Application for credit;
b. Monthly statements; and,
c. Financial statements.