UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF DINA HLACE<br><br>REQUEST FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782. | Misc. Case No.: _____ |

**[PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION OF DINA HLACE FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

THIS CAUSE came before the Court upon the Application of Dina Hlace pursuant to 28 U.S.C. § 1782 for Leave to Take Discovery for Use in a Foreign Proceeding (the "Application"). The Court, having considered the Application, the supporting Memorandum of Law, Supporting Declarations, and all other materials submitted in connection herewith, and otherwise being fully advised in the premises, finds as follows:

A. Applicant, Dina Hlace, has met the requirements under 28 U.S.C. § 1782 for granting the Application.

B. For purposes of the instant Application, HSBC USA Inc., Bank of New York Mellon Corporation, and Citigroup, Inc., (collectively, "the Financial Institutions") all reside in or are found in the Southern District of New York.

C. The discovery sought through this Application is for use in a civil case pending in Argentina, as well as for use in a reasonably contemplated foreign proceeding.

D. Dina Hlace, in her capacity as the beneficiary of the HM Broker Irrevocable Trust, is an interested party within the meaning of the statute.

E.  The discretionary factors described by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004), weigh in favor of granting the Application.

F.  More particularly: (1) there is no indication that the foreign court would not be receptive to U.S. federal-court judicial assistance as requested in the Application; (2) the Application does not appear to conceal an attempt to circumvent proof-gathering restrictions; and (3) the Application appears to seek discovery that is not unduly intrusive or burdensome, as the subpoenas and requests therein appear to be narrowly tailored both substantively and temporally.

Accordingly, it is here by **ORDERED** as follows:

1. The Application is **GRANTED**.

2. Any discovery taken pursuant to this Order will be governed by the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

3. Dina Hlace's request for leave to conduct discovery, including leave to serve subpoenas substantially similar in form to Exhibits A-C to the Declaration of David M. Levine, is **GRANTED.**

4. The Financial Institutions are directed to take all steps reasonably necessary to retain all documents in their possession, custody, or control that are relevant to this Application or the foreign proceeding until such time that Dina Hlace communicates to them that the preservation is no longer necessary or until further order of this Court.

5. Nothing in this Order should be construed to prevent or otherwise foreclose Dina Hlace from seeking modification of this Order of leave of Court to serve any additional subpoena on a persona or entity.

6.      The Court shall retain jurisdiction over the matter for the purpose of enforcing this Order, as appropriate, and assessing any supplemental request for discovery assistance by Applicant, Dina Hlace.

7.      A copy of this Order shall be served with each discovery demand.

**SO ORDERED.**

Dated: New York, New York

_____, 2021

_____
, USDJ