# EXHIBIT 1

**From:** Antonia Iragorri
**Sent:** Friday, November 19, 2021 4:59 PM
**To:** martin.litwak@untitled-slc.com
**Cc:** David Levine
**Subject:** SERVICE OF COURT DOCUMENT | 21-mc-00801 | In Re Application of Dina Hlace Request for Discovery Pursuant to 28 U.S.C. 1782
**Attachments:** Notice of Intent to Serve Subpoenas.pdf; Courtesy Copies.pdf

**The following documents are being served via Electronic Mail Pursuant to Court Order [ECF No. 10]:**

| COURT IDENTITY | United States District Court for the Southern District of New York |
|---|---|
| CASE NO. | 21-mc-00801 |
| APPLICANT | DINA HLACE |
| TITLE OF DOCUMENT(S) | NOTICE OF INTENT TO SERVE SUBPOENAS AND COURTESY COPIES |
| SENDING ATTORNEY(S) NAME / EMAIL TELEPHONE | David M. Levine, Esq.<br>dlevine@sfl-law.com<br>(305) 925-9947 |

Best,

Antonia Iragorri
Associate Attorney



1200 Brickell Avenue, Ste. 750
Miami, Florida 33131
Tel: (305) 925-9947
Email: airagorri@sfl-law.com
Website: www.sfl-law.com

CONFIDENTIALITY NOTICE: This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE APPLICATION OF DINA HLACE | Misc. Case No.: 21-mc-00801 |
| REQUEST FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782. | **NOTICE OF INTENT TO SERVE SUBPOENAS** |

TO:  Hernan Hlace and Matias Hlace
   c/o Dra. Patricia Pilar Venegas & Dr. Enrique Ignacio Brochard
   Av. Cordoba 1215, Piso 9, CABA
   Buenos Aires, Argentina
   Email: brochard@estudiobrochard.com.ar.

   and

   Maria Salatino, Hernan Hlace, and Matias Hlace
   c/o Martin Litwak
   Email: martin.litwak@untitled-slc.com

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45(a)(4) and the attached Order dated November 3, 2021 [ECF No. 10], Applicant Dina Hlace intends to serve the Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, in the form attached hereto[1], on HSBC USA, Inc., Bank of New York Mellon Corporation, Inc., and Citigroup, Inc., on November 22, 2021 or as soon thereafter as service may be effectuated.

---

[1]   Courtesy copies of the following documents are also attached: (i) Ex Parte Application for Discovery Pursuant to 28 U.S.C. § 1782 [ECF No. 6] and corresponding exhibits; (ii) Memorandum of Law in Support of Ex Parte Application [ECF No. 7] and corresponding exhibits; (iii) Declaration of David M. Levine in Support of Ex Parte Application [ECF No. 8] and corresponding exhibits; (iv) Proposed Order Granting Ex Parte Application [ECF No. 9]; and (v) Order Granting Ex Parte Application [ECF No. 10].

1

Dated: November 19, 2021

Respectfully submitted,

**SANCHEZ FISCHER LEVINE, LLP**
555 Madison Avenue, 5th Floor
New York, New York 10022
(646) 661-2042

*/s/ David M. Levine*
David M. Levine, Esq.
Fla. Bar No. 84431
New York Bar No. 5079942
Email: dlevine@sfl-law.com
Antonia Iragorri
Florida Bar No.: 1025034
*Admitted Pro Hac Vice*
Email: airagorri@sfl-law.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document is being served on this day, November 19, 2021, via Federal Express Mail and email to the parties identified on the below Service List.

By:*/s/ David. M. Levine*
David M. Levine

**Service List**

Hernan Hlace and Matias Hlace
c/o Dra. Patricia Pilar Venegas
Av. Cordoba 1215, Piso 9, CABA
Buenos Aires, Argentina
Email: brochard@estudiobrochard.com.ar.
(via Federal Express and Email)

and

Maria Salatino, Hernan Hlace, and Matias Hlace
c/o Martin Litwak
Email: martin.litwak@untitled-slc.com
(Via Email)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                    :
IN RE APPLICATION OF DINA HLACE                                     :          21-MC-00801 (JMF)
FOR AN ORDER SEEKING DISCOVERY                                      :
PURSUANT TO 28 U.S.C. § 1782                                        :                  ORDER
                                                                    :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Dina Hlace ("Applicant") brings this application pursuant to 28 U.S.C. § 1782 for an order

authorizing discovery from HSBC USA Inc., Bank of New York Mellon Corporation, and

Citigroup, Inc., by means of a subpoena served pursuant to Rule 45 of the Federal Rules of Civil

Procedure.  Having considered Applicant's submissions, the Court concludes — without prejudice

to the timely filing of a motion to quash the subpoena and, in the event such a motion is filed,

subject to reconsideration — that Section 1782's statutory requirements are met and that the so-

called *Intel* factors favor granting the application.  *See, e.g.*, *Mees v. Buiter*, 793 F.3d 291, 298 (2d

Cir. 2015) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

Accordingly, the application is GRANTED.  Applicant's U.S. counsel, David M. Levine,

Esq., is authorized to serve the subpoenas attached as Exhibits A, B and C to the Declaration of

David M. Levine, ECF Nos. 8-1, 8-2 and 8-3, on HSBC USA Inc., Bank of New York Mellon

Corporation, and Citigroup, Inc., together with a copy of this Order, no later than **thirty days** from

the date of this Order.  No later than **the same date**, and *before* serving the subpoena on

Respondents, Applicant shall provide actual notice and courtesy copies of the subpoena,

application, and supporting documents to the party or parties against whom the requested discovery

is likely to be used through any such party's counsel, or if the identity of such party's counsel is

unknown, on that party directly.  *See In re Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir.

1997) ("[T]he ultimate targets of a § 1782 discovery order issued to third parties have standing to

challenge the district court's power to issue a subpoena under the terms of an authorizing statute." (internal quotation marks omitted)). Applicant shall promptly file proof of such service on ECF.

Any further proceedings shall be governed by the Federal Rules of Civil Procedure, the Court's Local Rules (http://nysd.uscourts.gov/courtrules.php), and the Court's Individual Rules and Practices in Civil Cases (http://nysd.uscourts.gov/judge/Furman). If the parties believe that a protective order is appropriate or necessary, they shall file a joint proposed protective order on ECF, mindful that the Court will strike or modify any provision that purports to authorize the parties to file documents under seal without Court approval. *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). In the event of any dispute concerning the subpoena or any proposed protective order, the parties shall meet and confer before raising the dispute with the Court.

The Clerk of Court is directed to terminate ECF No. 6 and to close the case, subject to the right of any party to move to reopen if there is a need for further litigation.

SO ORDERED.

Dated: November 3, 2021
      New York, New York

_____
JESSE M. FURMAN
United States District Judge

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| In re Application of Dina Hlace | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No. 21-MC-00801 |
| | ) |
| _____ | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

HSBC USA, INC.
C/O RECORDS CUSTODIAN
To:     452 FIFTH AVENUE, NEW YORK, NY 10018
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached.

| Place:  Sanchez Fischer Levine LLP | Date and Time: Wednesday, December 22, |
|---|---|
| 1200 Brickell Avenue, Suite 750 | 2021 10:00 a.m. EST |
| Miami, Florida 33131 | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: November 22, 2021
_____

*CLERK OF COURT*
OR

_____          /s/ David M. Levine
_____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Dina Hlace
_____ , who issues or requests this subpoena, are:
Applicant

David M. Levine, Esq., 555 Madison Avenue, 5th Floor, New York, NY 10022, dlevine@sfl-law.com, (646) 661-2024

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DEFINITIONS**

For purposes of this Subpoena, the following definitions apply:

1.      "Document" shall mean any writing, recording, including but not limited to any electronically stored information, writing, or photograph, in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: e-mails, text messages, correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, financial statements, balance sheets, purchase orders, tax returns, computer printouts, microfilms, video tapes or tape recording, bank drafts, checks, money orders, certified checks, bank statements, and balance sheets.

2.      "Relate," "related" and "relating" shall mean "relating to, referencing, referring to or pertaining to."

3.      "You" and "Your" means HSBC USA, Inc., and all of its affiliates, subsidiaries, divisions, predecessors and successor entities, together with all of their officers, agents, employees, directors, representatives, successors and assigns.

4.      Unless otherwise specified, this Subpoena covers the time period **January 1, 2010,** through the present and is for all documents in your possession, custody, or control, or in the possession, custody or control of any of your agents, servants, employees, representatives, consultants, accountants, attorneys, and/or wholly owned or controlled subsidiaries, joint ventures or affiliates, or subject to your and/or the person's mentioned above custody and/or control wherever located.

# INSTRUCTIONS

1. Each document requested shall be produced in its entirety. If any part of a document is responsive to any of the following requests, the entire document should be produced. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production to the remainder is not possible.

2. If you object to fully identifying or producing a document, electronically stored information or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

    a. the nature of the privilege claimed (including work product);

    b. if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

    c. the date of the document, electronically stored information or oral communication;

    d. if a documents: its type (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet), and the custodian, location, and such other information sufficient to identify the material for a subpoena duces tecum or a production request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

    e. if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant, and the general subject matter of the document, electronically stored information or oral communication.

## DOCUMENTS REQUESTED

1.      All documents pertaining to any open or closed checking, savings, money market, investment or other accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

- a. Bank statements;
- b. Cancelled checks;
- c. Deposit tickets;
- d. Items deposited;
- e. Credit and debit memos; and,
- f. Form 1099, 1089, or back-up withholding documents.

2.      All documents pertaining to wire transfers sent or received in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

- a. Fed Wire, CHIPS, SWIFT, or other money transfer of message documents;
- b. Documents (checks, debit memos, cash out tickets, wires in, etc.,) reflecting the source of the funds wired out of the account;
- c. Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting the ultimate dispositions within the bank of the funds wired into the account; and,
- d. Notes, memoranda or other writings pertaining to the sending or receipt of wire transfers.

3.      All documents pertaining to all Cashier's Manager or Bank Checks, Traveler's Checks, and Money Orders purchased or negotiated by accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

- a. Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which the checks or money orders were purchased;
- b. Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting disbursements of the proceeds of any negotiated checks or money orders; and,
- c. Applications for purchase of checks or money orders; and,
- d. Retained copies of negotiated checks or money orders.

4.      Customer correspondence filed for accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust.

5.      All documents pertaining to current or expired safe deposit box rentals by or under

the signatory authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

      a.   Contracts; and
      b.   Entry records.

6.      All documents pertaining to open or closed bank credit in the name of or under the

signatory authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

      a.   Application for credit;
      b.   Monthly statements; and,
      c.   Financial statements.

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| In re Application of Dina Hlace | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 21-mc-00801 |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       BANK OF NEW YORK MELLON CORPORATION
C/O RECORDS CUSTODIAN
240 GREENWICH STREET, NEW YORK, NY 10286
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached.

| Place: Sanchez Fischer Levine, LLP | Date and Time: Wednesday, December 22, |
|---|---|
| 1200 Brickell Avenue, Suite 750 | 2021 10:00 a.m. EST |
| Miami, Florida 33131 | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   November 22, 2021

*CLERK OF COURT*

OR

_____          /s/ David M. Levine
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Dina Hlace
Applicant _____ , who issues or requests this subpoena, are:

David M. Levine, Esq., 555 Madison Avenue, 5th Floor, New York, NY 10022, dlevine@sfl-law.com, (646) 661-2024

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS

For purposes of this Subpoena, the following definitions apply:

1.      "Document" shall mean any writing, recording, including but not limited to any electronically stored information, writing, or photograph, in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: e-mails, text messages, correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, financial statements, balance sheets, purchase orders, tax returns, computer printouts, microfilms, video tapes or tape recording, bank drafts, checks, money orders, certified checks, bank statements, and balance sheets.

2.      "Relate," "related" and "relating" shall mean "relating to, referencing, referring to or pertaining to."

3.      "You" and "Your" means Bank of New York Mellon Corporation, and all of its affiliates, subsidiaries, divisions, predecessors and successor entities, together with all of their officers, agents, employees, directors, representatives, successors and assigns.

4.      Unless otherwise specified, this Subpoena covers the time period **January 1, 2010,** through the present and is for all documents in your possession, custody, or control, or in the possession, custody or control of any of your agents, servants, employees, representatives, consultants, accountants, attorneys, and/or wholly owned or controlled subsidiaries, joint ventures or affiliates, or subject to your and/or the person's mentioned above custody and/or control wherever located.

## **INSTRUCTIONS**

1.  Each document requested shall be produced in its entirety. If any part of a document is responsive to any of the following requests, the entire document should be produced. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production to the remainder is not possible.

2.  If you object to fully identifying or producing a document, electronically stored information or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

    a.  the nature of the privilege claimed (including work product);

    b.  if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

    c.  the date of the document, electronically stored information or oral communication;

    d.  if a documents: its type (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet), and the custodian, location, and such other information sufficient to identify the material for a subpoena duces tecum or a production request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

    e.  if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant, and the general subject matter of the document, electronically stored information or oral communication.

## DOCUMENTS REQUESTED

1.      All documents pertaining to any open or closed checking, savings, money market, investment or other accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

   a.  Bank statements;
   b.  Cancelled checks;
   c.  Deposit tickets;
   d.  Items deposited;
   e.  Credit and debit memos; and,
   f.  Form 1099, 1089, or back-up withholding documents.

2.      All documents pertaining to wire transfers sent or received in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

   a.  Fed Wire, CHIPS, SWIFT, or other money transfer of message documents;
   b.  Documents (checks, debit memos, cash out tickets, wires in, etc.,) reflecting the source of the funds wired out of the account;
   c.  Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting the ultimate dispositions within the bank of the funds wired into the account; and,
   d.  Notes, memoranda or other writings pertaining to the sending or receipt of wire transfers.

3.      All documents pertaining to all Cashier's Manager or Bank Checks, Traveler's Checks, and Money Orders purchased or negotiated by accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

   a.  Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which the checks or money orders were purchased;
   b.  Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting disbursements of the proceeds of any negotiated checks or money orders; and,
   c.  Applications for purchase of checks or money orders; and,
   d.  Retained copies of negotiated checks or money orders.

4.      Customer correspondence filed for accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust.

5.      All documents pertaining to current or expired safe deposit box rentals by or under

the signatory authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

      a.   Contracts; and
      b.   Entry records.

6.      All documents pertaining to open or closed bank credit in the name of or under the

signatory authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

      a.   Application for credit;
      b.   Monthly statements; and,
      c.   Financial statements.

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| In re Application of Dina Hlace<br>_____<br>*Plaintiff*<br>v.<br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 21-mc-00801

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

CITIGROUP INC.
C/O RECORDS CUSTODIAN
388 GREENWICH STREET, NEW YORK, NY 10013

To:

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached.

| Place: Sanchez Fischer Levine, LLP<br>1200 Brickell Avenue, Suite 750<br>Miami, Florida 33131 | Date and Time: Wednesday, December 22,<br>2021 10:00 a.m EST |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: November 22, 2021

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____<br>*Signature of Clerk or Deputy Clerk* | | /s/ David M. Levine<br>_____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Dina Hlace
Applicant _____ , who issues or requests this subpoena, are:

David M. Levine, Esq., 555 Madison Avenue, 5th Floor, New York, NY 10022, dlevine@sfl-law.com, (646) 661-2024

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                          *Server's signature*

                                                    _____
                                                          *Printed name and title*

                                                    _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DEFINITIONS**

For purposes of this Subpoena, the following definitions apply:

1.      "Document" shall mean any writing, recording, including but not limited to any electronically stored information, writing, or photograph, in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: e-mails, text messages, correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, financial statements, balance sheets, purchase orders, tax returns, computer printouts, microfilms, video tapes or tape recording, bank drafts, checks, money orders, certified checks, bank statements, and balance sheets.

2.      "Relate," "related" and "relating" shall mean "relating to, referencing, referring to or pertaining to."

3.      "You" and "Your" means Citigroup, Inc., and all of its affiliates, subsidiaries, divisions, predecessors and successor entities, together with all of their officers, agents, employees, directors, representatives, successors and assigns.

4.      Unless otherwise specified, this Subpoena covers the time period **January 1, 2010,** through the present and is for all documents in your possession, custody, or control, or in the possession, custody or control of any of your agents, servants, employees, representatives, consultants, accountants, attorneys, and/or wholly owned or controlled subsidiaries, joint ventures or affiliates, or subject to your and/or the person's mentioned above custody and/or control wherever located.

## <u>INSTRUCTIONS</u>

1. Each document requested shall be produced in its entirety. If any part of a document is responsive to any of the following requests, the entire document should be produced. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production to the remainder is not possible.

2. If you object to fully identifying or producing a document, electronically stored information or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

   a. the nature of the privilege claimed (including work product);

   b. if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

   c. the date of the document, electronically stored information or oral communication;

   d. if a documents: its type (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet), and the custodian, location, and such other information sufficient to identify the material for a subpoena duces tecum or a production request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

   e. if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant, and the general subject matter of the document, electronically stored information or oral communication.

## **DOCUMENTS REQUESTED**

1.      All documents pertaining to any open or closed checking, savings, money market, investment or other accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

        a.  Bank statements;
        b.  Cancelled checks;
        c.  Deposit tickets;
        d.  Items deposited;
        e.  Credit and debit memos; and,
        f.  Form 1099, 1089, or back-up withholding documents.

2.      All documents pertaining to wire transfers sent or received in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

        a.  Fed Wire, CHIPS, SWIFT, or other money transfer of message documents;
        b.  Documents (checks, debit memos, cash out tickets, wires in, etc.,) reflecting the source of the funds wired out of the account;
        c.  Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting the ultimate dispositions within the bank of the funds wired into the account; and,
        d.  Notes, memoranda or other writings pertaining to the sending or receipt of wire transfers.

3.      All documents pertaining to all Cashier's Manager or Bank Checks, Traveler's Checks, and Money Orders purchased or negotiated by accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

        a.  Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which the checks or money orders were purchased;
        b.  Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting disbursements of the proceeds of any negotiated checks or money orders; and,
        c.  Applications for purchase of checks or money orders; and,
        d.  Retained copies of negotiated checks or money orders.

4.      Customer correspondence filed for accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust.

5.      All documents pertaining to current or expired safe deposit box rentals by or under

the signatory authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

      a.  Contracts; and
      b.  Entry records.

6.      All documents pertaining to open or closed bank credit in the name of or under the

signatory authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

      a.  Application for credit;
      b.  Monthly statements; and,
      c.  Financial statements.

# COURTESY COPIES

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF DINA HLACE<br><br>REQUEST FOR DISCOVERY<br>PURSUANT TO 28 U.S.C. § 1782. | Civil Action No. 21-mc-00801 |

## *EX PARTE* APPLICATION
## FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

Applicant Dina Hlace ("Applicant"), an individual residing in Buenos Aires, Argentina respectfully applies to this Court for an Order, pursuant to 28 U.S.C. § 1782 ("Application") granting her leave to serve HSBC USA, Inc., Bank of New York Mellon Corporation, and Citigroup, Inc. (collectively, "the Financial Institutions") with subpoenas in substantially the same form as those attached as Exhibits A-C to the contemporaneously-filed Declaration of David M. Levine for the production of relevant documents in the Financial Institutions' possession, custody, and/or control for use in a civil case pending in Argentina.

This Application seeks a routine order from this Court authorizing discovery from certain financial institutions residing in this District for use in a foreign proceeding pursuant to 28 U.S.C. § 1782 ("Section 1782"). Specifically, Applicant seeks to issue and serve the above-mentioned subpoenas for the production of documents related to any accounts under the name of Roberto Hlace and/or the HM Broker Irrevocable Trust (the "Hlace Trust").[1] The purpose of this limited

---

[1]     Applicant expressly reserves the right to seek additional discovery pursuant to 28 U.S.C. § 1782 regarding any other financial institution within the jurisdiction of this Court to which the Hlace Trust may have transferred money from the Financial Institutions.

1

discovery is to obtain necessary information for the marshalling of assets belonging to the estate of Roberto Hlace, of which Applicant is a beneficiary.

Pursuant to Section 1782, an applicant may be granted discovery in the United States in aid of a pending foreign litigation, or a reasonably contemplated foreign proceeding, if: "(1) the person [or entity] from whom discovery is sought resides (or is found) in the district . . . , (2) the discovery be for use in a proceeding before a foreign tribunal, and (3) the application be made by a foreign or international tribunal or any interested person." *Certain Funds, Accounts and/or Inc. Vehicles v. KPMG, L.L.P.*, 789 F.3d 113, 117 (2d Cir. 2015) (citations omitted).

This Application meets all of the Section 1782 statutory and discretionary requirements for obtaining this discovery. In particular, the following statutory requirements of Section 1782 are met:

(1) The Financial Institutions operate within this District;

(2) The requested records are to aid, and for use in, the ongoing civil case pending in the Argentine National Court of First Instance for Civil Matters No. 97, Case No. 32244/2017, filed on May 24, 2017 (the "Argentine Proceeding"); and,

(3) Applicant is a party to the Argentine Proceeding and an "interested person" in that case as both heir of Roberto Hlace and a named beneficiary of the Hlace Trust. Moreover, Applicant has reason to believe that the trustees, two Argentine residents, improperly concealed or transferred funds belonging to Roberto Hlace and/or the Hlace Trust through the use of accounts at the Financial Institutions, and thus, anticipates starting proceedings in Argentina against the trustees.

The relief sought through this Application is authorized by Section 1782 and has been routinely granted in this District and in other courts in relation to similar Section 1782 applications, as well as applications for discovery in support of foreign probate and litigation matters.

What is more, the Honorable Marcia Cooke of the U.S. District Court for the Southern District of Florida previously granted Applicant's nearly identical Section 1782 application in connection with the same Argentine Proceeding in order to conduct discovery from various Florida financial entities. *See* Order Granting *Ex Parte* Application for Discovery Pursuant to 28 U.S.C. § 1782, attached hereto as **Exhibit A**. There, Judge Cooke found, as this Court should, that Applicant satisfied the requirements of Section 1782 and was entitled to discovery in aid of the Argentine Proceeding. *Id.*

Once the requirements of Section 1782 are met, the district court must exercise its discretion in light of the statute's twin aims and consider the discretionary factors that the U.S. Supreme Court outlined in *Intel Corp. v. Advances Micro Devices, Inc.*, 542 U.S. 241 (2004).

As further explained in the contemporaneously-filed Memorandum of Law, all discretionary factors weigh in favor of granting this Application. The Financial Institutions are not parties to the Argentine Proceeding, Applicant is not attempting to circumvent any requirements of the Argentine tribunal, the receptivity of the Argentine courts to United States Federal judicial assistance may be inferred from letters rogatory frequently issued by Argentine tribunals and from Argentina's adherence to the Hague Convention, and the discovery sought is not unduly burdensome or intrusive.

In addition, granting this Application will further the twin aims of Section 1782 in providing efficient means of assistance to participants in international litigation in our federal

courts, while also encouraging foreign courts, by example, to provide similar means of reciprocal assistance to our courts. *See Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015).

In support of this Application, Applicant submits her Memorandum of Law, the supporting declaration of Argentine attorney Juan Martin Arocena, dated October 29, 2021, the supporting declaration of attorney David M. Levine dated, dated November 2, 2021,  and a proposed Order granting this relief.

Accordingly, Applicant respectfully requests that this Court enter an Order authorizing her to issue and serve subpoenas to the Financial Institutions for the production of documents related to any accounts under the name of Roberto Hlace or the Hlace Trust.

Dated: November 3, 2021

Respectfully submitted,

**SANCHEZ FISCHER LEVINE LLP**
555 Madison Avenue, 5th Floor
New York, New York 10022
(646) 661-2042

*/s/ David M. Levine*
David M. Levine, Esq.
Fla. Bar No. 84431
New York Bar No. 5079942
Email: dlevine@sfl-law.com
Antonia Iragorri, Esq.
Fla. Bar No. 1025034
Email: airagorri@sfl-law.com

4

# Exhibit A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-mc-21553

In re Application of:
Dina Hlace for an Order for
Discovery Pursuant to
28 U.S.C. § 1782.

_____/

## ORDER GRANTING *EX PARTE* APPLICATION FOR
## DISCOVERY PURSUANT TO 28 U.S.C. § 1782

This matter comes before the Court by an *ex parte* application for discovery pursuant to 28 U.S.C. § 1782 (the "1782 Application") by applicant Dina Hlace. Having reviewed the 1782 Application, its supporting Memorandum of Law, and the Declaration of Fabián Rinaldi, the Court is satisfied that the requested discovery is warranted pursuant to 28 U.S.C. § 1782 and the 1782 Application is **GRANTED**.

Accordingly, it is hereby **ORDERED and ADJUDGED** that:

1.      M. Paula Aguila, Esq., counsel for Dina Hlace, is authorized to issue and serve subpoenas upon BB&T Corporation, Citigroup Inc., HSBC USA Inc., and J.P. Morgan Chase & Co., for the production of documents related to any accounts under the name of Roberto Hlace or the Hlace Trust, and upon any other financial institution within the jurisdiction of this Court into which funds were transferred from those accounts, for the production of documents related to those transfers;

2.      A copy of this Order shall be served with each discovery demand; and

3.      The Court shall retain jurisdiction over this matter for the purpose of enforcing this Order, as appropriate, and assessing any supplemental request for discovery

assistance by the Applicant.

**DONE and ORDERED** in chambers at Miami, Florida, this 24th day of April 2019.

_Marcia G. Cooke_
MARCIA G. COOKE
United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF DINA HLACE

Misc. Case No.: 21-mc-00801

REQUEST FOR DISCOVERY
PURSUANT TO 28 U.S.C. § 1782.

---

## MEMORANDUM OF LAW IN SUPPORT OF DINA HLACE'S
## *EX PARTE* APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

**SANCHEZ FISCHER LEVINE LLP**
555 Madison Avenue, 5th Floor
New York, New York 10022
(646) 661-2042

*/s/ David M. Levine*
David M. Levine, Esq.
New York Bar No. 5079942
Fla. Bar No. 84431
Email: dlevine@sfl-law.com
Antonia Iragorri, Esq.
Fla. Bar No. 1025034 (*pro hac vice forthcoming*)
Email: airagorri@sfl-law.com

*Attorneys for Applicant Dina Hlace*

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................1

I.     JURISDICTION AND VENUE ..............................................................................2

II.    FACTUAL BACKGROUND AND PENDING FOREIGN PROCEEDING ...................2

    A.  THE PARTIES ...............................................................................................2
    B.  THE ARGENTINE PROCEEDING ................................................................2
    C.  THE ARGENTINE TRIBUNAL......................................................................3
    D.  THE DOCUMENTS REQUESTED ...........................................................3-4
    E.  THE SUBPOENAS ......................................................................................4

III.   ARGUMENT ..........................................................................................................5

    A.  THE APPLICATION SATISFIES THE STATUTORY REQUIREMENTS OF 28
        U.S.C. § 1782 .............................................................................................5

           1.   The Financial Institutions have possession, custody, or control of the
                discovery sought, and each resides in or should be found within the District
                .......................................................................................... 5-6
           2.   Discovery is sought for use in the Argentine Proceeding before an Argentine
                Tribunal........................................................................................6
           3.   The Applicant is an "interested person" to the pending and contemplated
                foreign proceedings ......................................................................7
           4.   No factors weigh against allowing discovery ............................................7

    B.  THE APPLICANT ALSO SATISFIES THE SUPREME COURT'S
        DISCRETIONARY FACTORS .................................................................7

           1.   The Financial Institutions are Not Participants in the Foreign Proceeding
                .......................................................................................... 8-9
           2.   The Nature of the Argentine Tribunal Does Not Weigh Against Granting
                the Application .......................................................................... 9-10
           3.   The Application Does Not Seek to Circumvent Foreign Proof-Gathering
                Restrictions ............................................................................. 10-11
            4.   The Application is Narrowly-Tailored............................................... 11-12

IV.   CONCLUSION ......................................................................................................12

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Pages**

*Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Int'l (USA) Ltd.*, 785 F. Supp. 2d 434
  (S.D.N.Y. 2011) ....................................................................................................6

*Anwar v. Farfield Greenwich Ltd.*, 297 F.R.D. 223 (S.D.N.Y. 2013)...........................................11

*Certain Funds, Accounts and/or Inc. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113 (2d Cir. 2015) .....5

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004)  ...............1, 5, 6, 7, 8, 9, 10, 11

*In re Accent Delight International Ltd.*, 791 F. App'x 247 (2d. Cir. 2019) ...................................8

*In re Application of Gorsoan Ltd. and Gazprombank OJSC for an Order Pursuant to 28 U.S.C.
  1782*, No. 13 Misc. 397 (PGG), 2014 WL 7232262 (S.D.N.Y. Dec. 10, 2014)..........................9

*In re Metallgesellschaft*, 121 F.3d 77, 79 (2d Cir. 1997) ................................................5

*In re Postalis*, No. 18-MC-497 (JGK), 2018 WL 6725406 (S.D.N.Y. Dec. 20, 2018) .................5

*In re Vale S.A.*, Case No.: 20-mc-199 (JGK)(OTW), 2021 WL 311236 (S.D.N.Y. Jan. 29, 2021)
  ..................................................................................................................11

*Mees v. Buiter*, 793 F.3d 291 (2d Cir. 2015) ...................................................5, 10, 11

*Petersen Energia Inversora, S.A.U. v. Argentine Republic*, Case No. 1:16-CV-08569, 2020 WL
  5913412 (S.D.N.Y. Oct. 6, 2020)  ....................................................................9

*Scmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79 (2d Cir. 2004) ...........................5, 7


**Statutes**

28 U.S.C. § 1782.................................................................................. passim

28 U.S.C. § 1782(a) ...............................................................................1, 5, 6

## INTRODUCTION

Applicant Dina Hlace ("Applicant"), an individual residing in Buenos Aires, Argentina, respectfully submits this Memorandum of Law in support of her *Ex Parte* Application for Discovery Pursuant to 28 U.S.C. § 1782 (the "Application").

The Application seeks a routine order from this Court authorizing discovery from certain New York financial institutions for use in a foreign proceeding currently pending in Argentina. Specifically, Applicant seeks to issue and serve subpoenas on HSBC USA, Inc., Bank of New York Mellon Corporation, and Citigroup, Inc. (collectively, the "Financial Institutions"), for the production of documents related to any accounts under the name of Roberto Hlace and/or the HM Broker Irrevocable Trust (the "Hlace Trust"). The purpose of this limited discovery is to obtain necessary information for the marshalling of assets belonging to the estate of Roberto Hlace, for which Applicant is a beneficiary.

28 U.S.C. § 1782 ("Section 1782") permits "the district court of the district in which a person resides or is found" to order the production of discovery "for use in a proceeding in a foreign or international tribunal" upon the application of "any interested person." 28 U.S.C. § 1782 (a). Section 1782 similarly encompasses proceedings that may be reasonably contemplated in a foreign or international tribunal. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). As set out in greater detail below, Applicant meets the necessary statutory requirements, as well as the discretionary requirements, for obtaining discovery pursuant to Section 1782.

This Application is properly filed *ex parte*, and does not prejudice the Financial Institutions' rights to later challenge the requests made herein. As such, Applicant requests that this Application be granted in its entirety.

1

## I.     JURISDICTION AND VENUE

Jurisdiction and venue are proper pursuant to Section 1782, as this Application seeks the discovery of documents and other relevant information that are located (i) within the United States, and (ii) are in the possession, custody, and/or control of the Financial Institutions, all of which reside and are found within this District.  Further, the documents being sought are to assist the Applicant in a pending proceeding in Argentina.

## II.     FACTUAL BACKGROUND AND PENDING FOREIGN PROCEEDING

The factual background is based upon the declaration of Juan Martin Arocena (the "Declaration"), an Argentine attorney, who is currently representing Applicant in the Argentine Proceeding.  *See* Declaration of Juan Martin Arocena, attached hereto as **Exhibit A.**

### A.  THE PARTIES

Applicant, Dina Hlace, is a resident of Buenos Aires, Argentina and the daughter of Roberto Hlace, who passed away on April 21, 2017. *See* Decl. at ⁋ 9.  Applicant is also the beneficiary of the 2012 HM Brokers Irrevocable Trust (the "Hlace Trust") created by Roberto Hlace.  *Id*. at ⁋ 10.  The Financial Institutions operate and/or may be found within this District and are not parties to the Argentine Proceeding.  *Id.* at ⁋ 13.

### B.  THE ARGENTINE PROCEEDING

After his death, the estate of Roberto Hlace was admitted to probate on May 24, 2017 in the Argentine National Court of First Instance for Civil Matters No. 97 (the "Argentine Tribunal"), where it was assigned case No. 32244/2017 (the "Argentine Proceeding"). *Id*. at ⁋ 5.  The Argentine Proceeding remains open and pending, and Applicant is attempting to assist in the marshalling of assets believed to have been improperly diverted from the estate of Roberto Hlace, as well as the Hlace Trust. *Id*. at ⁋ 7.

Furthermore, Applicant has reason to believe that the trustees charged with managing the Hlace Trust, two Argentine residents, have improperly concealed or transferred funds belonging to Roberto Hlace and/or the Hlace Trust through the use of accounts at the Financial Institutions. *Id*. As such, Applicant anticipates starting proceedings in Argentina against the trustees for their misconduct. *Id*.

### C.  THE ARGENTINE TRIBUNAL

The Argentine Tribunal is a conventional court in the Argentine national court system having jurisdiction over probate proceedings. *Id*. at ¶ 19. During probate proceedings, evidence is submitted to the Argentine Tribunal, and the Argentine Tribunal has the power to make determinations on the basis of such evidence. *Id*.

### D.  THE DOCUMENTS REQUESTED

Applicant seeks the following limited documents dating back to 2010 from the Financial Institutions, and which are located within this District:

(a) All documents pertaining to any open or closed checking, savings, money market, investment or other accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

    i.   Bank statements;
    ii.   Cancelled checks;
    iii.  Deposit tickets;
    iv.  Items deposited;
    v.   Credit and debit memos; and,
    vi.  Form 1099, 1089, or back-up withholding documents.

(b) All documents pertaining to wire transfers sent or received in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

    i.   Fed Wire, CHIPS, SWIFT, or other money transfer of message documents;
    ii.   Documents (checks, debit memos, cash out tickets, wires in, etc.,) reflecting the source of the funds wired out of the account;
    iii.  Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting the ultimate dispositions within the bank of the funds wired into the account; and,

    iv.    Notes, memoranda or other writings pertaining to the sending or receipt of wire transfers.

(c) All documents pertaining to all Cashier's Manager or Bank Checks, Traveler's Checks, and Money Orders purchased or negotiated by accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

    i.    Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which the checks or money orders were purchased;
    ii.    Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting disbursements of the proceeds of any negotiated checks or money orders; and,
    iii.    Applications for purchase of checks or money orders; and,
    iv.    Retained copies of negotiated checks or money orders.

(d) Customer correspondence filed for accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust.

(e) All documents pertaining to current or expired safe deposit box rentals by or under the signatory authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

    i.    Contracts; and
    ii.    Entry records.

(f) All documents pertaining to open or closed bank credit in the name of or under the signatory authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

    i.    Application for credit;
    ii.    Monthly statements; and,
    iii.    Financial statements.

### E.  THE SUBPOENAS

Applicant requests that this Court enter an Order directing subpoenas be issued to each of the Financial Institutions, and that the subpoenas provide that they produce documents within their possession, custody, and/or control to Applicant for her use in the Argentine Proceeding. *See* Proposed Subpoenas attached hereto as **Composite Exhibit B.**[1]

---

[1]    The subpoenas are also attached to the Declaration of David M. Levine, Esq., filed contemporaneously herewith.

III.   **ARGUMENT**

### A.  THE APPLICATION SATISFIES THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782

Section 1782 provides for U.S.-based discovery in aid of foreign proceedings.  *See* 28 U.S.C. § 1782(a).  In order to qualify for relief under Section 1782 three statutory requirements must be met: "(1) the person from whom discovery is sought resides (or is found) in the district …, (2) the discovery be for use in a proceeding before a foreign tribunal, and (3) the application be made by a foreign international tribunal or any interested person." *Certain Funds, Accounts and/or Inc. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 117 (2d Cir. 2015) (citations omitted).

The Supreme Court and the Second Circuit have interpreted Section 1782 as having a broad application.  *See Intel*, 542 U.S. at 259; *see also In re Metallgesellschaft*, 121 F.3d 77, 79 (2d Cir. 1997) ("The permissive language of § 1782 vests district courts with discretion to grant, limit, or deny discovery.").  "'This discretion, however, is not boundless,' [and] must be exercised 'in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Mees v. Buiter*, 793 F.3d 291, 298-99 (2d Cir. 2015) (citing *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004)).

#### 1.   The Financial Institutions have possession, custody, and/or control of the discovery sought, and each resides in or should be found within the District

For purposes of Section 1782, "a company is found where it is incorporated or headquartered." *In re Postalis*, No. 18-MC-497 (JGK), 2018 WL 6725406, at *3 n. 4 (S.D.N.Y. Dec. 20, 2018).  Here, the Financial Institutions (Bank of New York Mellon Corporation, CitiGroup, Inc., and HSBC USA, Inc.) all maintain their U.S corporate headquarters in Manhattan and do business here.  *See* Archive of Bank of New York Mellon Corp., SEC Edgar Search Results,

https://www.sec.gov/edgar/browse/?CIK=1390777&owner=exclude (last visited Oct. 18, 2021); Archive of HSBC USA Inc., SEC Edgar Search Results https://www.sec.gov/cgi-bin/browse-edgar?action=getcompany&CIK=0000083246&owner=include&count=40&hidefilings=0 (last visited Oct. 18, 2021); Archive of Citigroup, Inc., SEC Edgar Search Results https://www.sec.gov/edgar/browse/?CIK=1390777&owner=exclude (last visited Oct. 18, 2021).

Accordingly, all three Financial Institutions are "found in" the Southern District of New York for the purposes of Section 1782. *See Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Int'l (USA) Ltd.*, 785 F. Supp. 2d 434, 438 (S.D.N.Y. 2011)(finding the first statutory requirement under 1782 met where "[a]ll respondents have offices and do business in Manhattan and thus 'reside' in the Southern District of New York.")

## 2. Discovery is sought for use in the Argentine Proceeding before an Argentine Tribunal

The discovery sought through this Application is "for use in a proceeding in a foreign or international tribunal," specifically in the Argentine Proceeding before the Argentine Tribunal for the probate of Roberto Hlace's estate and the Hlace Trust. *See* 28 U.S.C. § 1782(a); *see also* Decl. at ¶ 12. In *Intel*, the Supreme Court confirmed a low threshold for satisfying the "foreign international tribunal" requirement, finding that the foreign proceeding need only be within "reasonable contemplation" to meet the statutory requirement. *Intel*, 542 U.S. at 259.

Here, the Argentine Proceeding commenced on May 24, 2017, and remains pending before the Argentine Tribunal. *See* Decl. at ¶ 12. In addition, Applicant intends to commence a judicial proceeding in Argentina for theft, fraud, and embezzlement before one or more Argentine tribunals if her information and belief that the trustees have engaged in wrongful conduct under Argentine law is confirmed through the discovery requested herein. *Id*. at ¶ 16.

3. **The Applicant is an "interested person" to the pending and contemplated foreign proceedings**

Applicant, Dina Hlace, qualifies as an "interested person" in the pending Argentine Proceeding because she is the daughter and heir of Roberto Hlace and a beneficiary to the Hlace Trust. Decl. at ¶¶ 9-10.  Additionally, as a beneficiary to the Hlace Trust, Applicant would be a direct, and interested party of her reasonably contemplated, forthcoming action against the trustees for misconduct.  As the Supreme Court said in *Intel*, "any interested person is intended to include not only litigants before foreign or international tribunals, but also . . . any other person whether he be designated by foreign law or international convention or merely possess a reasonable interest in obtaining the assistance." *Intel*, 542 U.S. at 257.

4. **No factors weigh against allowing discovery**

Additionally, no factors contrary to allowing the requested discovery exist.  The twin aims of Section 1782 are to provide "efficient means of assistance to participants in international litigation in our federal courts and encourag[e] foreign countries by example to provide similar means of assistance to our courts…." *Schmitz*, 376 F.3d at 84.  Here, the twin aims will be met by granting the requested discovery.  The discovery Applicant seeks will assist the Argentine Tribunal in the current, pending Argentine Proceeding, and further assist Applicant in determining whether additional action must be taken against the trustees pursuant to Argentine law.  As such, this Application should be granted.

**B. THE APPLICANT ALSO SATISFIES THE SUPREME COURT'S DISCRETIONARY FACTORS**

In *Intel*, the Supreme Court identified, in addition to the statutory requirements under Section 1782, four discretionary factors that bear consideration in ruling on a Section 1782 application.  *See generally, Intel* 542 U.S. at 241.  Although the factors are not mandatory, the

Supreme Court nonetheless emphasized that the following questions should be considered when

dealing with a Section 1782 application:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding;
>
> (2) the nature of the foreign tribunal, the character of the proceedings before the foreign tribunal, and the receptivity of the foreign government, court, or agency to judicial assistance;
>
> (3) whether the request conceals an attempt to circumvent foreign proof-gathering limits or other policies of the foreign country or the United States; and
>
> (4) whether the discovery request is unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264-65.

Here, all four *Intel* factors weigh in favor of granting the Application and permitting the

requested discovery.

### 1. The Financial Institutions are Not Participants in the Foreign Proceeding.

Discovery under Section 1782 is generally available when the party from whom discovery

is sought is a "nonparticipant to the matter arising abroad." *Intel*, 542 U.S. at 264; *see also In re*

*Accent Delight International, Ltd*., 791 F. App'x 247, 251 (2d Cir. 2019) (finding that it was within

the district court's discretion "to find that Petitioners satisfied the first *Intel* factor" upon

discovering that "Sotheby's [was] not a party to the Monaco proceeding for which the Petitioner

[sought] discovery.").

Here, none of the Financial Institutions are parties to, nor participants in, the Argentine

Proceeding. Therefore, the first *Intel* factor weighs in favor of granting Applicant's request.

Further, Applicant would not be able to obtain discovery from the Financial Institutions in

Argentina, as they are outside the Argentine Tribunal's jurisdiction. *See* Decl. at ¶ 13; *see also*

*Intel*, 542 U.S. at 264 (holding that "non-participants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; [and] their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.").

## 2. The Nature of the Argentine Tribunal Does Not Weigh Against Granting the Application.

The second *Intel* factor "take[s] into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to the U.S. federal-court judicial assistance." *Id*. Here, the nature of the Argentine Proceeding does not implicate any factor or policy that would weigh against granting the Application. Specifically, this District's act in granting the Application would not conflict with "the nature of the foreign tribunal," nor would it conflict with the Argentine Tribunal's use of evidence gathered under foreign procedures. *Id*. at 264-65. Instead, an order granting the Application would serve to provide the necessary evidence needed in the Argentine Proceeding and which is required to disburse the property of the estate of Roberto Hlace and further advance the Argentine Proceeding.

Moreover, because Argentina is a signatory to the Hague Convention, this Court should find that granting the Application is favorable. *See In re Application of Gorsoan Ltd. and Gazprombank OJSC for an Order Pursuant to 28 U.S.C. 1782*, No. 13 Misc. 397 (PGG), 2014 WL 7232262, at *8 (S.D.N.Y. Dec. 10, 2014) ("[S]everal U.S. courts have granted discovery requests pursuant to Section 1782 in aid of proceedings in Cyprus, suggesting that Cyprus's ratification of the Hague Convention does not foreclose Section 1782 discovery in aid of proceedings in Cyprus."); *see also Petersen Energia Inversora, S.A.U. v. Argentine Republic*, Case No. 1:16-CV-08569, 2020 WL 5913413, at *1 (S.D.N.Y. Oct. 6, 2020) ("This Court is authorized to request depositions abroad by letter of requests under 28 U.S.C. § 1781(b)(2) and Chapter I of

9

the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters [ ], 23 U.S.T. 2555, T.I.A.S. 7444. This Court may grant reciprocal assistance by the enforcement of letter of requests from the Argentine courts pursuant to its authority under 28 U.S.C. § 1782."). The Argentine Proceeding is the type of proceeding for which discovery under Section 1782 is well-suited and appropriate, and the subpoenas are tailored to obtain evidence in support of the Proceeding. Moreover, the discovery sought is the type of evidence that will assist the Argentine Tribunal in determining how the property associated with Roberto Hlace and the Hlace Trust should be properly disbursed. Finally, there are no statutes or case law indicating that an Argentine Tribunal would not be receptive to assistance from the United States federal court in this manner.

### 3. The Application Does Not Seek to Circumvent Foreign Proof-Gathering Restrictions.

Next, the Application does not "conceal[] an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 244-45. According to the Second Circuit in *Mees*, this factor concerns whether an application would circumvent "proof-gathering restrictions" and "rules akin to privileges that prohibit the acquisition or use of certain materials." 793 F.3d at 303 n. 20. In the absence of such affirmative restrictions, "a 1782 application should not be rejected on the ground that the discovery would not be available in the foreign proceedings." *Id*. (finding "[t]hat [even if] a country does not enable broad discovery within a litigation [it] does not mean that it has a policy that restricts parties from obtaining evidence through other lawful means.").

Here, Applicant is seeking discovery that would assist in the Argentine probate proceedings, but which discovery would not be available to the Argentine Tribunal otherwise. *See* Decl. at ¶ 14. As such, approving such discovery is consistent with the goals of the Argentine

Proceedings, would be in the interests of justice, and would not act to circumvent any Argentine laws or other proof-gathering restrictions.

### 4.    The Application is Narrowly Tailored.

Finally, nothing in this Application is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. The Second Circuit has analyzed this fourth *Intel* factor through its application of "the familiar standard of Rule 26 of the Federal Rules of Civil Procedure." *Mees*, 793 F.3d at 302. Accordingly, as this District has stated, the "Court must balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it." *Anwar v. Fairfield Greenwich Ltd.*, 297 F.R.D. 223, 225 (S.D.N.Y. 2013) (finding that "inconvenience alone will not justify an order to quash a subpoena that seeks potentially relevant testimony.").

Here, the discovery requested is neither unduly intrusive nor burdensome. As stated, the discovery requests are both narrowly tailored and relevant to the Argentine Proceeding. Applicant seeks information relating to the Financial Institutions where funds belonging both to Roberto Hlace and the Hlace Trust were/are held, and that would assist the Argentine Tribunal in marshalling the assets of the estate appropriately.[2] Furthermore, the Financial Institutions are

---

[2]    Assets associated with Roberto Hlace and/or the Hlace Trust were deposited into the Financial Institutions as early as 2010. However, the handling of such assets between then and the initiation of the probate proceeding (i.e., May 2017) remains unknown. As such, the time frame for the request is appropriate given the need to obtain relevant information relating to the handling of such assets for purposes of the Argentine Proceeding. *See In re Vale S.A.*, Case No.: 20-mc-199 (JGK)(OTW), 2021 WL 311236, at *4 (S.D.N.Y. Jan. 29, 2021) (Finding that "Vale's subpoenas [were] relevant and sufficiently limited in time and context" where the "the specific allegations of the application, and Vale's stated objective [was] of tracing some portions of $500 million paid in 2010 and allegedly received by respondents.").

likely to maintain the materials and information sought, and discovery will reveal whether the trustees were violating Argentine law and committing fraud, embezzlement, or theft.

As such, the requests are narrowly tailored to the key issues in the Argentine Proceeding, as well as the contemplated proceeding against the trustees, and support the granting of this Application.

## IV.   **CONCLUSION**

For the foregoing reasons Applicant, Dina Hlace, respectfully requests that this Court grant the Application as well as any other relief that the Court finds just and proper.

Dated: November 3, 2021                 Respectfully submitted,

**SANCHEZ FISCHER LEVINE LLP**
555 Madison Avenue, 5th Floor
New York, New York 10022
(646) 661-2042
*/s/ David M. Levine*
David M. Levine, Esq.
Fla. Bar No. 84431
New York Bar No. 5079942
Email: dlevine@sfl-law.com
Antonia Iragorri, Esq.
Fla. Bar No. 1025034 (*pro hac vice pending*)
Email: airagorri@sfl-law.com

# Exhibit A

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

IN RE APPLICATION OF DINA HLACE

REQUEST DISCOVERY PURSUANT TO
28 U.S.C. § 1782.

Misc. Case No.: _____

**DECLARATION OF JUAN MARTIN AROCENA IN SUPPORT OF
*EX PARTE* APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

I, Juan Martin Arocena, declare that the following is true and correct to the best of my knowledge and belief:

1.     I am the managing partner and one of the founding partners of Dentons in Buenos Aires, Argentina (the "Firm").

2.     I obtained my law degree from la Universidad Católica Argentina in 1988 and am a member in good standing of the Bar Association of Buenos Aires, as well as the New York Bar.

3.     Except as otherwise indicated herein, all the facts set forth in this declaration are based on my own personal knowledge or my review of relevant documents.  To the extent matters stated in this Declaration are statements of legal opinion, those statements represent my view of the law of Argentina as a practicing attorney there.

4.     I respectfully submit this Declaration in support of Dina Hlace's ("Applicant") application for an order from this Court granting discovery pursuant to 28 U.S.C. § 1782 (the "Application"), and authorizing her to issue and serve subpoenas for documents located in this District in the possession, custody, and/or control of HSBC USA, Inc., Bank of New York Mellon

1

Corporation, and Citigroup, Inc. (collectively, the "Financial Institutions"), related to any accounts under the name of Roberto Hlace and/or the HM Brokers Irrevocable Trust (the "Hlace Trust").

5.    The discovery requested in this Application is sought in connection with the current pending probate action in the Argentine National Court of First Instance for Civil Matters No. 97, Case No. 32244/2017, filed on May 24, 2017 (the "Argentine Proceeding").

6.    The purpose of the discovery sought in this Application is to obtain necessary information for the marshaling of funds under the name of Roberto Hlace and/or the Hlace Trust and assist the Argentine Tribunal in the pending Argentine probate Proceedings.

7.    Moreover, Applicant has reason to believe that the trustees of the Hlace Trust, two Argentine nationals, have improperly concealed  or transferred funds belonging to Roberto Hlace and/or the Hlace Trust through the use of accounts at the Financial Institutions. As a beneficiary of the Hlace Trust, Applicant reasonably contemplates initiating Judicial proceedings in Argentina against the trustees for their misconduct.

8.    The discovery sought in this Application would assist and support Applicant's reasonably contemplated proceeding against the trustees in Argentina.

## Relevant Parties and Background

9.    Applicant, Dina Hlace, is a resident of Argentina and the daughter of Roberto Hlace, who passed away on April 21, 2017.

10.    Applicant is a beneficiary of the Hlace Trust created by Roberto Hlace in 2012, and an heir to Roberto Hlace.

11.    On May 24, 2017, the estate of Roberto Hlace was admitted to probate and assigned Case No. 32244/2017 in the Argentine Proceeding.

12. The Argentine Proceeding remains pending, and Applicant is seeking to assist in the marshalling of the assets, specifically from the Financial Institutions and Accounts, which she has reason to believe have been improperly diverted from the estate of Roberto Hlace and the Hlace Trust.

13. The Financial Institutions are not parties to the Argentine Proceeding.

14. Applicant has reason to believe that Roberto Hlace, directly or through the Hlace Trust, held assets at the Financial Institutions which have not been disclosed in the Argentine Proceeding, and which were wrongfully diverted by the trustees.

15. Discovery of such evidence would be submitted to the Argentine Tribunal, and would assist the Tribunal in making determinations on the basis of such evidence.

16. If it is discovered through the evidence obtained through the 1782 Application, that the trustees have engaged in misconduct under Argentine Law, Applicant may commence judicial proceedings in Argentina for theft, fraud, and embezzlement, among other causes of action.

17. Pursuant to Argentine Law, the assets of a deceased must be disclosed to their heirs.

18. Furthermore, according to Argentine Law, the heir to an estate and/or the beneficiary of a trust may bring an action against a trustee if it is discovered that the trustee has committed theft, fraud, embezzlement, or other forms of misconduct.

19. Argentine law, pursuant to the Civil and Commercial Code of the Nation, Intestate Successions, Title IX, Articles 2424-2443, provides for a probate proceeding to, inter alia, disburse the applicable assets of the estate. Assuming the evidence obtained from the Financial Institutions reveals assets in, or transfers from or to, the Accounts, such evidence would be relevant and applicable to the current Argentine Proceeding.

3

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on  October 29, 2021

_____

Juan Martin Arocena

# Composite Exhibit B

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| In re Application of Dina Hlace _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 21-mc-00801 |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        BANK OF NEW YORK MELLON CORPORATION
                        C/O RECORDS CUSTODIAN

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached.

| Place: Sanchez Fischer Levine LLP<br>        1200 Brickell Avenue, Suite 750<br>        Miami, Florida 33131 | Date and Time: |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Dina Hlace
Applicant _____ , who issues or requests this subpoena, are:

David M. Levine, Esq., 555 Madison Avenue, 5th Floor, New York, NY 10022, dlevine@sfl-law.com, (646) 661-2024

## Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

# DEFINITIONS

For purposes of this Subpoena, the following definitions apply:

1.    "Document" shall mean any writing, recording, including but not limited to any electronically stored information, writing, or photograph, in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: e-mails, text messages, correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, financial statements, balance sheets, purchase orders, tax returns, computer printouts, microfilms, video tapes or tape recording, bank drafts, checks, money orders, certified checks, bank statements, and balance sheets.

2.    "Relate," "related" and "relating" shall mean "relating to, referencing, referring to or pertaining to."

3.    "You" and "Your" means Bank of New York Mellon Corporation, and all of its affiliates, subsidiaries, divisions, predecessors and successor entities, together with all of their officers, agents, employees, directors, representatives, successors and assigns.

4.    Unless otherwise specified, this Subpoena covers the time period **January 1, 2010,** through the present and is for all documents in your possession, custody, or control, or in the possession, custody or control of any of your agents, servants, employees, representatives, consultants, accountants, attorneys, and/or wholly owned or controlled subsidiaries, joint ventures or affiliates, or subject to your and/or the person's mentioned above custody and/or control wherever located.

## <u>INSTRUCTIONS</u>

1. Each document requested shall be produced in its entirety. If any part of a document is responsive to any of the following requests, the entire document should be produced. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production to the remainder is not possible.

2. If you object to fully identifying or producing a document, electronically stored information or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

   a. the nature of the privilege claimed (including work product);

   b. if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

   c. the date of the document, electronically stored information or oral communication;

   d. if a documents: its type (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet), and the custodian, location, and such other information sufficient to identify the material for a subpoena duces tecum or a production request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

   e. if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant, and the general subject matter of the document, electronically stored information or oral communication.

## DOCUMENTS REQUESTED

1.     All documents pertaining to any open or closed checking, savings, money market,

investment or other accounts in the name of or with the signature authority of either Roberto Hlace

or the Hlace Trust, including but not limited to:

   a.   Bank statements;
   b.   Cancelled checks;
   c.   Deposit tickets;
   d.   Items deposited;
   e.   Credit and debit memos; and,
   f.   Form 1099, 1089, or back-up withholding documents.

2.     All documents pertaining to wire transfers sent or received in the name of or with

the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

   a.   Fed Wire, CHIPS, SWIFT, or other money transfer of message documents;
   b.   Documents (checks, debit memos, cash out tickets, wires in, etc.,) reflecting the
        source of the funds wired out of the account;
   c.   Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting
        the ultimate dispositions within the bank of the funds wired into the account; and,
   d.   Notes, memoranda or other writings pertaining to the sending or receipt of wire
        transfers.

3.     All documents pertaining to all Cashier's Manager or Bank Checks, Traveler's

Checks, and Money Orders purchased or negotiated by accounts in the name of or with the

signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

   a.   Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the
        means by which the checks or money orders were purchased;
   b.   Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting
        disbursements of the proceeds of any negotiated checks or money orders; and,
   c.   Applications for purchase of checks or money orders; and,
   d.   Retained copies of negotiated checks or money orders.

4.     Customer correspondence filed for accounts in the name of or with the signature

authority of either Roberto Hlace or the Hlace Trust.

5.      All documents pertaining to current or expired safe deposit box rentals by or under

the signatory authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

      a.   Contracts; and
      b.   Entry records.

6.      All documents pertaining to open or closed bank credit in the name of or under the

signatory authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

      a.   Application for credit;
      b.   Monthly statements; and,
      c.   Financial statements.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| In re Application of Dina Hlace | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No. 21-mc-00801 |
| | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
CITIGROUP INC.
C/O RECORDS CUSTODIAN
_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached.

| Place: Sanchez Fischer Levine LLP 1200 Brickell Avenue, Suite 750 Miami, Florida 33131 | Date and Time: |
|---|---|

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

_CLERK OF COURT_

OR

_____      _____
_Signature of Clerk or Deputy Clerk_       _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Dina Hlace

Applicant _____ , who issues or requests this subpoena, are:

David M. Levine, Esq., 555 Madison Avenue, 5th Floor, New York, NY 10022, dlevine@sfl-law.com, (646) 661-2024

## Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

# DEFINITIONS

For purposes of this Subpoena, the following definitions apply:

1.      "Document" shall mean any writing, recording, including but not limited to any electronically stored information, writing, or photograph, in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: e-mails, text messages, correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, financial statements, balance sheets, purchase orders, tax returns, computer printouts, microfilms, video tapes or tape recording, bank drafts, checks, money orders, certified checks, bank statements, and balance sheets.

2.      "Relate," "related" and "relating" shall mean "relating to, referencing, referring to or pertaining to."

3.      "You" and "Your" means Citigroup, Inc., and all of its affiliates, subsidiaries, divisions, predecessors and successor entities, together with all of their officers, agents, employees, directors, representatives, successors and assigns.

4.      Unless otherwise specified, this Subpoena covers the time period **January 1, 2010,** through the present and is for all documents in your possession, custody, or control, or in the possession, custody or control of any of your agents, servants, employees, representatives, consultants, accountants, attorneys, and/or wholly owned or controlled subsidiaries, joint ventures or affiliates, or subject to your and/or the person's mentioned above custody and/or control wherever located.

## **INSTRUCTIONS**

1. Each document requested shall be produced in its entirety. If any part of a document is responsive to any of the following requests, the entire document should be produced. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production to the remainder is not possible.

2. If you object to fully identifying or producing a document, electronically stored information or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

    a. the nature of the privilege claimed (including work product);

    b. if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

    c. the date of the document, electronically stored information or oral communication;

    d. if a documents: its type (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet), and the custodian, location, and such other information sufficient to identify the material for a subpoena duces tecum or a production request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

    e. if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant, and the general subject matter of the document, electronically stored information or oral communication.

## DOCUMENTS REQUESTED

1.     All documents pertaining to any open or closed checking, savings, money market, investment or other accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

   a.  Bank statements;
   b.  Cancelled checks;
   c.  Deposit tickets;
   d.  Items deposited;
   e.  Credit and debit memos; and,
   f.  Form 1099, 1089, or back-up withholding documents.

2.     All documents pertaining to wire transfers sent or received in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

   a.  Fed Wire, CHIPS, SWIFT, or other money transfer of message documents;
   b.  Documents (checks, debit memos, cash out tickets, wires in, etc.,) reflecting the source of the funds wired out of the account;
   c.  Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting the ultimate dispositions within the bank of the funds wired into the account; and,
   d.  Notes, memoranda or other writings pertaining to the sending or receipt of wire transfers.

3.     All documents pertaining to all Cashier's Manager or Bank Checks, Traveler's Checks, and Money Orders purchased or negotiated by accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

   a.  Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which the checks or money orders were purchased;
   b.  Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting disbursements of the proceeds of any negotiated checks or money orders; and,
   c.  Applications for purchase of checks or money orders; and,
   d.  Retained copies of negotiated checks or money orders.

4.     Customer correspondence filed for accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust.

5.      All documents pertaining to current or expired safe deposit box rentals by or under

the signatory authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

     a.   Contracts; and
     b.   Entry records.

6.      All documents pertaining to open or closed bank credit in the name of or under the

signatory authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

     a.   Application for credit;
     b.   Monthly statements; and,
     c.   Financial statements.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| In re Application of Dina Hlace | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No. 21-mc-00801 |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                           HSBC USA, INC.
                                C/O RECORDS CUSTODIAN

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached.

| Place: Sanchez Fischer Levine LLP<br>    1200 Brickell Avenue, Suite 750<br>    Miami, Florida 33131 | Date and Time: |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Dina Hlace
Applicant _____ , who issues or requests this subpoena, are:

David M. Levine, Esq., 555 Madison Avenue, 5th Floor, New York, NY 10022, dlevine@sfl-law.com, (646) 661-2024

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

# DEFINITIONS

For purposes of this Subpoena, the following definitions apply:

1.      "Document" shall mean any writing, recording, including but not limited to any electronically stored information, writing, or photograph, in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: e-mails, text messages, correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, financial statements, balance sheets, purchase orders, tax returns, computer printouts, microfilms, video tapes or tape recording, bank drafts, checks, money orders, certified checks, bank statements, and balance sheets.

2.      "Relate," "related" and "relating" shall mean "relating to, referencing, referring to or pertaining to."

3.      "You" and "Your" means HSBC USA, Inc., and all of its affiliates, subsidiaries, divisions, predecessors and successor entities, together with all of their officers, agents, employees, directors, representatives, successors and assigns.

4.      Unless otherwise specified, this Subpoena covers the time period **January 1, 2010,** through the present and is for all documents in your possession, custody, or control, or in the possession, custody or control of any of your agents, servants, employees, representatives, consultants, accountants, attorneys, and/or wholly owned or controlled subsidiaries, joint ventures or affiliates, or subject to your and/or the person's mentioned above custody and/or control wherever located.

# **INSTRUCTIONS**

1. Each document requested shall be produced in its entirety. If any part of a document is responsive to any of the following requests, the entire document should be produced. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production to the remainder is not possible.

2. If you object to fully identifying or producing a document, electronically stored information or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

   a. the nature of the privilege claimed (including work product);

   b. if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

   c. the date of the document, electronically stored information or oral communication;

   d. if a documents: its type (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet), and the custodian, location, and such other information sufficient to identify the material for a subpoena duces tecum or a production request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

   e. if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant, and the general subject matter of the document, electronically stored information or oral communication.

## **DOCUMENTS REQUESTED**

1.      All documents pertaining to any open or closed checking, savings, money market, investment or other accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

- a.  Bank statements;
- b.  Cancelled checks;
- c.  Deposit tickets;
- d.  Items deposited;
- e.  Credit and debit memos; and,
- f.  Form 1099, 1089, or back-up withholding documents.

2.      All documents pertaining to wire transfers sent or received in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

- a.  Fed Wire, CHIPS, SWIFT, or other money transfer of message documents;
- b.  Documents (checks, debit memos, cash out tickets, wires in, etc.,) reflecting the source of the funds wired out of the account;
- c.  Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting the ultimate dispositions within the bank of the funds wired into the account; and,
- d.  Notes, memoranda or other writings pertaining to the sending or receipt of wire transfers.

3.      All documents pertaining to all Cashier's Manager or Bank Checks, Traveler's Checks, and Money Orders purchased or negotiated by accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

- a.  Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which the checks or money orders were purchased;
- b.  Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting disbursements of the proceeds of any negotiated checks or money orders; and,
- c.  Applications for purchase of checks or money orders; and,
- d.  Retained copies of negotiated checks or money orders.

4.      Customer correspondence filed for accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust.

5.    All documents pertaining to current or expired safe deposit box rentals by or under

the signatory authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

     a.   Contracts; and
     b.   Entry records.

6.    All documents pertaining to open or closed bank credit in the name of or under the

signatory authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

     a.   Application for credit;
     b.   Monthly statements; and,
     c.   Financial statements.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF DINA HLACE

Misc. Case No.: 21-mc-00801

REQUEST DISCOVERY PURSUANT TO
28 U.S.C. § 1782.

## <u>DECLARATION OF DAVID M. LEVINE</u>

I, David M. Levine, declare under penalty of perjury as follows:

1.        I am a founding partner of the law firm Sanchez Fischer Levine, LLP, counsel for

Dina Hlace (the "Applicant"), and am duly admitted to practice before the United State District

Court for the Southern District of New York.

2.        I respectfully submit this declaration in support of Applicant's application for

discovery pursuant to 28 U.S.C. § 1782 (the "Application"), seeking records from financial

institutions located in this District for use in an ongoing civil case pending in the Argentine

National Court of First Instance for Civil Matters No. 97, Case No. 32244/2017, filed on May 24,

2017 (the "Argentine Proceeding").

3.        A related application was filed in the United States District Court for the Southern

District of Florida, which held that Applicant satisfied the requirements of 28 U.S.C. § 1782 and

was entitled to discovery from various Florida entities in aid of the Argentine Proceeding.  *See In

re Application of Dina Hlace for an Order for Discovery Pursuant to 28 U.S.C. § 1782*, Case No.

19-mc-21553- MGC.

1

4. This Application seeks a routine order authorizing certain financial institutions located in this district to provide discovery related to Roberto Hlace and the HM Broker Irrevocable Trust ("Hlace Trust") for use in the Argentine Proceeding.

5. Applicant seeks discovery from the following financial institutions: HSBC USA, Inc., Bank of New York Mellon Corporation, and Citigroup, Inc. (collectively, the "Financial Institutions").

6. Each of the Financial Institutions reside or are found within this District.

7. Attached as **Exhibit A** is a draft document subpoena, to be serve in substantially the same form on HSBC USA, Inc.

8. Attached as **Exhibit B** is a draft subpoena, to be served in substantially the same from on Bank of New York Mellon Corporation.

9. Attached as **Exhibit C** is a draft subpoena, to be served in substantially the same form on Citigroup, Inc.

10. The discovery sought in this Application would be used to support the marshalling of assets in the Argentine Proceeding to which Applicant is a party as the beneficiary of Roberto Hlace's estate and the Hlace Trust.

11. Additionally, the Application seeks discovery in this District for use in Applicant's intended proceeding against the trustees of the estate for misconduct including but not limited to fraud, embezzlement and theft.

I declare under penalty of perjury under the laws of the United States of America that the foreign is true and correct.

Executed on <u>November 2, 2021</u>

*/s/ David M. Levine*
David M. Levine, Esq.

# Exhibit A

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| In re Application of Dina Hlace | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 21-mc-00801 |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           HSBC USA, INC.
C/O RECORDS CUSTODIAN

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached.

| Place: Sanchez Fischer Levine LLP<br>    1200 Brickell Avenue, Suite 750<br>    Miami, Florida 33131 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|      *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Dina Hlace
Applicant _____ , who issues or requests this subpoena, are:

David M. Levine, Esq., 555 Madison Avenue, 5th Floor, New York, NY 10022, dlevine@sfl-law.com, (646) 661-2024

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **EXHIBIT A**

# **DEFINITIONS**

For purposes of this Subpoena, the following definitions apply:

1.      "Document" shall mean any writing, recording, including but not limited to any electronically stored information, writing, or photograph, in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: e-mails, text messages, correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, financial statements, balance sheets, purchase orders, tax returns, computer printouts, microfilms, video tapes or tape recording, bank drafts, checks, money orders, certified checks, bank statements, and balance sheets.

2.      "Relate," "related" and "relating" shall mean "relating to, referencing, referring to or pertaining to."

3.      "You" and "Your" means HSBC USA, Inc., and all of its affiliates, subsidiaries, divisions, predecessors and successor entities, together with all of their officers, agents, employees, directors, representatives, successors and assigns.

4.      Unless otherwise specified, this Subpoena covers the time period **January 1, 2010,** through the present and is for all documents in your possession, custody, or control, or in the possession, custody or control of any of your agents, servants, employees, representatives, consultants, accountants, attorneys, and/or wholly owned or controlled subsidiaries, joint ventures or affiliates, or subject to your and/or the person's mentioned above custody and/or control wherever located.

## __INSTRUCTIONS__

1. Each document requested shall be produced in its entirety. If any part of a document is responsive to any of the following requests, the entire document should be produced. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production to the remainder is not possible.

2. If you object to fully identifying or producing a document, electronically stored information or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

   a. the nature of the privilege claimed (including work product);

   b. if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

   c. the date of the document, electronically stored information or oral communication;

   d. if a documents: its type (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet), and the custodian, location, and such other information sufficient to identify the material for a subpoena duces tecum or a production request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

   e. if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant, and the general subject matter of the document, electronically stored information or oral communication.

## DOCUMENTS REQUESTED

1.     All documents pertaining to any open or closed checking, savings, money market, investment or other accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

   a.   Bank statements;
   b.   Cancelled checks;
   c.   Deposit tickets;
   d.   Items deposited;
   e.   Credit and debit memos; and,
   f.   Form 1099, 1089, or back-up withholding documents.

2.     All documents pertaining to wire transfers sent or received in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

   a.   Fed Wire, CHIPS, SWIFT, or other money transfer of message documents;
   b.   Documents (checks, debit memos, cash out tickets, wires in, etc.,) reflecting the source of the funds wired out of the account;
   c.   Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting the ultimate dispositions within the bank of the funds wired into the account; and,
   d.   Notes, memoranda or other writings pertaining to the sending or receipt of wire transfers.

3.     All documents pertaining to all Cashier's Manager or Bank Checks, Traveler's Checks, and Money Orders purchased or negotiated by accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

   a.   Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which the checks or money orders were purchased;
   b.   Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting disbursements of the proceeds of any negotiated checks or money orders; and,
   c.   Applications for purchase of checks or money orders; and,
   d.   Retained copies of negotiated checks or money orders.

4.     Customer correspondence filed for accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust.

5.      All documents pertaining to current or expired safe deposit box rentals by or under

the signatory authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

      a.   Contracts; and
      b.   Entry records.

6.      All documents pertaining to open or closed bank credit in the name of or under the

signatory authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

      a.   Application for credit;
      b.   Monthly statements; and,
      c.   Financial statements.

# Exhibit B

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### Southern District of New York

| | |
|---|---|
| In re Application of Dina Hlace | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No. 21-mc-00801 |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:            BANK OF NEW YORK MELLON CORPORATION
                  C/O RECORDS CUSTODIAN

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached.

| Place: Sanchez Fischer Levine LLP<br>     1200 Brickell Avenue, Suite 750<br>     Miami, Florida 33131 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Dina Hlace
Applicant _____ , who issues or requests this subpoena, are:

David M. Levine, Esq., 555 Madison Avenue, 5th Floor, New York, NY 10022, dlevine@sfl-law.com, (646) 661-2024

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                                    *Server's signature*

                                                          _____
                                                                    *Printed name and title*

                                                          _____
                                                                    *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS

For purposes of this Subpoena, the following definitions apply:

1.      "Document" shall mean any writing, recording, including but not limited to any electronically stored information, writing, or photograph, in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: e-mails, text messages, correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, financial statements, balance sheets, purchase orders, tax returns, computer printouts, microfilms, video tapes or tape recording, bank drafts, checks, money orders, certified checks, bank statements, and balance sheets.

2.      "Relate," "related" and "relating" shall mean "relating to, referencing, referring to or pertaining to."

3.      "You" and "Your" means Bank of New York Mellon Corporation, and all of its affiliates, subsidiaries, divisions, predecessors and successor entities, together with all of their officers, agents, employees, directors, representatives, successors and assigns.

4.      Unless otherwise specified, this Subpoena covers the time period **January 1, 2010,** through the present and is for all documents in your possession, custody, or control, or in the possession, custody or control of any of your agents, servants, employees, representatives, consultants, accountants, attorneys, and/or wholly owned or controlled subsidiaries, joint ventures or affiliates, or subject to your and/or the person's mentioned above custody and/or control wherever located.

## <u>INSTRUCTIONS</u>

1. Each document requested shall be produced in its entirety. If any part of a document is responsive to any of the following requests, the entire document should be produced. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production to the remainder is not possible.

2. If you object to fully identifying or producing a document, electronically stored information or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

   a. the nature of the privilege claimed (including work product);

   b. if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

   c. the date of the document, electronically stored information or oral communication;

   d. if a documents: its type (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet), and the custodian, location, and such other information sufficient to identify the material for a subpoena duces tecum or a production request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

   e. if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant, and the general subject matter of the document, electronically stored information or oral communication.

## DOCUMENTS REQUESTED

1.    All documents pertaining to any open or closed checking, savings, money market, investment or other accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

    a.  Bank statements;
    b.  Cancelled checks;
    c.  Deposit tickets;
    d.  Items deposited;
    e.  Credit and debit memos; and,
    f.  Form 1099, 1089, or back-up withholding documents.

2.    All documents pertaining to wire transfers sent or received in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

    a.  Fed Wire, CHIPS, SWIFT, or other money transfer of message documents;
    b.  Documents (checks, debit memos, cash out tickets, wires in, etc.,) reflecting the source of the funds wired out of the account;
    c.  Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting the ultimate dispositions within the bank of the funds wired into the account; and,
    d.  Notes, memoranda or other writings pertaining to the sending or receipt of wire transfers.

3.    All documents pertaining to all Cashier's Manager or Bank Checks, Traveler's Checks, and Money Orders purchased or negotiated by accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

    a.  Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which the checks or money orders were purchased;
    b.  Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting disbursements of the proceeds of any negotiated checks or money orders; and,
    c.  Applications for purchase of checks or money orders; and,
    d.  Retained copies of negotiated checks or money orders.

4.    Customer correspondence filed for accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust.

5.      All documents pertaining to current or expired safe deposit box rentals by or under

the signatory authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

      a.   Contracts; and
      b.   Entry records.

6.      All documents pertaining to open or closed bank credit in the name of or under the

signatory authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

      a.   Application for credit;
      b.   Monthly statements; and,
      c.   Financial statements.

# Exhibit C

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

| | |
|---|---|
| In re Application of Dina Hlace | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| | ) |
| *Defendant* | ) |

Civil Action No. 21-mc-00801

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
CITIGROUP INC.
C/O RECORDS CUSTODIAN

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached.

| Place: Sanchez Fischer Levine LLP<br>1200 Brickell Avenue, Suite 750<br>Miami, Florida 33131 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Dina Hlace
Applicant _____ , who issues or requests this subpoena, are:

David M. Levine, Esq., 555 Madison Avenue, 5th Floor, New York, NY 10022, dlevine@sfl-law.com, (646) 661-2024

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

# DEFINITIONS

For purposes of this Subpoena, the following definitions apply:

1.     "Document" shall mean any writing, recording, including but not limited to any electronically stored information, writing, or photograph, in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: e-mails, text messages, correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, financial statements, balance sheets, purchase orders, tax returns, computer printouts, microfilms, video tapes or tape recording, bank drafts, checks, money orders, certified checks, bank statements, and balance sheets.

2.     "Relate," "related" and "relating" shall mean "relating to, referencing, referring to or pertaining to."

3.     "You" and "Your" means Citigroup, Inc., and all of its affiliates, subsidiaries, divisions, predecessors and successor entities, together with all of their officers, agents, employees, directors, representatives, successors and assigns.

4.     Unless otherwise specified, this Subpoena covers the time period **January 1, 2010,** through the present and is for all documents in your possession, custody, or control, or in the possession, custody or control of any of your agents, servants, employees, representatives, consultants, accountants, attorneys, and/or wholly owned or controlled subsidiaries, joint ventures or affiliates, or subject to your and/or the person's mentioned above custody and/or control wherever located.

## <u>INSTRUCTIONS</u>

1. Each document requested shall be produced in its entirety. If any part of a document is responsive to any of the following requests, the entire document should be produced. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production to the remainder is not possible.

2. If you object to fully identifying or producing a document, electronically stored information or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

   a. the nature of the privilege claimed (including work product);

   b. if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

   c. the date of the document, electronically stored information or oral communication;

   d. if a documents: its type (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet), and the custodian, location, and such other information sufficient to identify the material for a subpoena duces tecum or a production request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

   e. if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant, and the general subject matter of the document, electronically stored information or oral communication.

## DOCUMENTS REQUESTED

1.     All documents pertaining to any open or closed checking, savings, money market, investment or other accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

        a.  Bank statements;
        b.  Cancelled checks;
        c.  Deposit tickets;
        d.  Items deposited;
        e.  Credit and debit memos; and,
        f.  Form 1099, 1089, or back-up withholding documents.

2.     All documents pertaining to wire transfers sent or received in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

        a.  Fed Wire, CHIPS, SWIFT, or other money transfer of message documents;
        b.  Documents (checks, debit memos, cash out tickets, wires in, etc.,) reflecting the source of the funds wired out of the account;
        c.  Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting the ultimate dispositions within the bank of the funds wired into the account; and,
        d.  Notes, memoranda or other writings pertaining to the sending or receipt of wire transfers.

3.     All documents pertaining to all Cashier's Manager or Bank Checks, Traveler's Checks, and Money Orders purchased or negotiated by accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

        a.  Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which the checks or money orders were purchased;
        b.  Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting disbursements of the proceeds of any negotiated checks or money orders; and,
        c.  Applications for purchase of checks or money orders; and,
        d.  Retained copies of negotiated checks or money orders.

4.     Customer correspondence filed for accounts in the name of or with the signature authority of either Roberto Hlace or the Hlace Trust.

5.      All documents pertaining to current or expired safe deposit box rentals by or under

the signatory authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

      a.   Contracts; and
      b.   Entry records.

6.      All documents pertaining to open or closed bank credit in the name of or under the

signatory authority of either Roberto Hlace or the Hlace Trust, including but not limited to:

      a.   Application for credit;
      b.   Monthly statements; and,
      c.   Financial statements.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF DINA HLACE

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782.

Misc. Case No.: _____

## [PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION OF DINA HLACE FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

THIS CAUSE came before the Court upon the Application of Dina Hlace pursuant to 28 U.S.C. § 1782 for Leave to Take Discovery for Use in a Foreign Proceeding (the "Application"). The Court, having considered the Application, the supporting Memorandum of Law, Supporting Declarations, and all other materials submitted in connection herewith, and otherwise being fully advised in the premises, finds as follows:

A.    Applicant, Dina Hlace, has met the requirements under 28 U.S.C. § 1782 for granting the Application.

B.    For purposes of the instant Application, HSBC USA Inc., Bank of New York Mellon Corporation, and Citigroup, Inc., (collectively, "the Financial Institutions") all reside in or are found in the Southern District of New York.

C.    The discovery sought through this Application is for use in a civil case pending in Argentina, as well as for use in a reasonably contemplated foreign proceeding.

D.    Dina Hlace, in her capacity as the beneficiary of the HM Broker Irrevocable Trust, is an interested party within the meaning of the statute.

1

E.   The discretionary factors described by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004), weigh in favor of granting the Application.

F.   More particularly: (1) there is no indication that the foreign court would not be receptive to U.S. federal-court judicial assistance as requested in the Application; (2) the Application does not appear to conceal an attempt to circumvent proof-gathering restrictions; and (3) the Application appears to seek discovery that is not unduly intrusive or burdensome, as the subpoenas and requests therein appear to be narrowly tailored both substantively and temporally.

Accordingly, it is here by **ORDERED** as follows:

1.   The Application is **GRANTED**.

2.   Any discovery taken pursuant to this Order will be governed by the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

3.   Dina Hlace's request for leave to conduct discovery, including leave to serve subpoenas substantially similar in form to Exhibits A-C to the Declaration of David M. Levine, is **GRANTED.**

4.   The Financial Institutions are directed to take all steps reasonably necessary to retain all documents in their possession, custody, or control that are relevant to this Application or the foreign proceeding until such time that Dina Hlace communicates to them that the preservation is no longer necessary or until further order of this Court.

5.   Nothing in this Order should be construed to prevent or otherwise foreclose Dina Hlace from seeking modification of this Order of leave of Court to serve any additional subpoena on a persona or entity.

6.      The Court shall retain jurisdiction over the matter for the purpose of enforcing this Order, as appropriate, and assessing any supplemental request for discovery assistance by Applicant, Dina Hlace.

7.      A copy of this Order shall be served with each discovery demand.

**SO ORDERED.**

Dated: New York, New York

_____, 2021

_____
, USDJ

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                      :

IN RE APPLICATION OF DINA HLACE    :       21-MC-00801 (JMF)
FOR AN ORDER SEEKING DISCOVERY    :
PURSUANT TO 28 U.S.C. § 1782         :          ORDER
                                        :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Dina Hlace ("Applicant") brings this application pursuant to 28 U.S.C. § 1782 for an order

authorizing discovery from HSBC USA Inc., Bank of New York Mellon Corporation, and

Citigroup, Inc., by means of a subpoena served pursuant to Rule 45 of the Federal Rules of Civil

Procedure. Having considered Applicant's submissions, the Court concludes — without prejudice

to the timely filing of a motion to quash the subpoena and, in the event such a motion is filed,

subject to reconsideration — that Section 1782's statutory requirements are met and that the so-

called *Intel* factors favor granting the application. *See, e.g.*, *Mees v. Buiter*, 793 F.3d 291, 298 (2d

Cir. 2015) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

Accordingly, the application is GRANTED. Applicant's U.S. counsel, David M. Levine,

Esq., is authorized to serve the subpoenas attached as Exhibits A, B and C to the Declaration of

David M. Levine, ECF Nos. 8-1, 8-2 and 8-3, on HSBC USA Inc., Bank of New York Mellon

Corporation, and Citigroup, Inc., together with a copy of this Order, no later than **thirty days** from

the date of this Order. No later than **the same date**, and *before* serving the subpoena on

Respondents, Applicant shall provide actual notice and courtesy copies of the subpoena,

application, and supporting documents to the party or parties against whom the requested discovery

is likely to be used through any such party's counsel, or if the identity of such party's counsel is

unknown, on that party directly. *See In re Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir.

1997) ("[T]he ultimate targets of a § 1782 discovery order issued to third parties have standing to

challenge the district court's power to issue a subpoena under the terms of an authorizing statute."
(internal quotation marks omitted)).  Applicant shall promptly file proof of such service on ECF.

Any further proceedings shall be governed by the Federal Rules of Civil Procedure, the
Court's Local Rules (http://nysd.uscourts.gov/courtrules.php), and the Court's Individual Rules and
Practices in Civil Cases (http://nysd.uscourts.gov/judge/Furman).  If the parties believe that a
protective order is appropriate or necessary, they shall file a joint proposed protective order on ECF,
mindful that the Court will strike or modify any provision that purports to authorize the parties to
file documents under seal without Court approval.  *See generally Lugosch v. Pyramid Co. of
Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  In the event of any dispute concerning the
subpoena or any proposed protective order, the parties shall meet and confer before raising the
dispute with the Court.

The Clerk of Court is directed to terminate ECF No. 6 and to close the case, subject to the
right of any party to move to reopen if there is a need for further litigation.

SO ORDERED.

Dated: November 3, 2021
      New York, New York

_____
JESSE M. FURMAN
United States District Judge