SANCHEZ FISCHER LEVINE, LLP

(305) 925-9947 | 1200 Brickell Avenue, Ste. 750 | Miami, Florida 33131 | www.sfl-law.com

March 21, 2022

<u>Via CM/ECF</u>
Hon. Jesse M. Furman
United States District Court - SDNY

Re: *In Re Application of Dina Hlace for an Order Seeking Discovery Pursuant to 28 U.S.C. § 1782*, Case No. 1:21-MC-00801 (JMF)

Dear Judge Furman:

We represent Applicant Dina Hlace ("Applicant") in the above matter. Pursuant to Rule 2(E) and 3(A) of the Court's individual practices, we write to respectfully request that the Court enter an order compelling HSBC USA, Inc. ("HSBC") to comply with and respond to the *subpoena duces tecum*, dated January 3, 2022. *See* Jan. 3, 2022 Subpoena, attached as Exhibit A.

I. **Description of the Case**

This matter arises out of an application pursuant to 28 U.S.C § 1782 seeking discovery from HSBC, Bank of New York Mellon Corporation, and Citigroup, Inc., by means of subpoenas served in accordance with Rule 45 of the Federal Rules of Civil Procedure (the "Application").

The Application sought discovery related to Applicant's father, Roberto Hlace's, probate proceeding, which remains open in the Argentine National Court of First Instance for Civil Matters. The probate proceeding relates to a 2012 trust created by Mr. Hlace – the HM Brokers Irrevocable Trust (the "Hlace Trust"). The estate of Roberto Hlace was admitted to probate on May 24, 2017, and Applicant is attempting to assist in the gathering of assets, which are believed to have been improperly diverted from the estate of Roberto Hlace and the Hlace Trust. Moreover, Applicant believes that the trustees of the Hlace Trust, two Argentine residents, improperly concealed or transferred funds from the Hlace Trust. The Application was granted by this Court on November 3, 2021. *See* Dkt. 10.

Applicant's subpoena to HSBC (the "Subpoena") sought information and documents concerning funds belonging to Roberto Hlace and the Hlace Trust, including bank statements, customer correspondences, and documents related to wire transfers, lines of credit, and safe deposit box rentals. *See* Ex. A. The Subpoena had a return date of February 2, 2022.[1] *See* Ex. A.

---

[1] While Applicant initially served a subpoena on HSBC with a return date of December 22, 2021, that subpoena contained the undersigned's Florida address as the return address. Accordingly, Applicant served a subpoena with the correct New York return address on HSBC on January 3, 2022. The updated subpoena is identical to the original subpoena, but for the change in address and return date.

HSBC acknowledged receipt of the Subpoena on January 10, 2022 and requested an extension of time to respond to it. *See* Correspondences attached as Composite Exhibit B. Notwithstanding that request, HSBC indicated it had already begun searching for and gathering records responsive to the Subpoena. *Id.* Then, on January 20, 2022, HSBC reached out once again acknowledging receipt of the Subpoena and requesting additional information to complete its search. *Id.* That same day, undersigned counsel responded and provided the information requested by HSBC, including bank account numbers to assist HSBC in narrowing its search. *Id.*

On February 10, 2022, eight days after the Subpoena's return date, undersigned counsel reached out to HSBC regarding production. HSBC responded stating it had sent undersigned counsel a letter around February 3, 2022. *Id.* In its February 3 letter, HSBC indicated, for the first time, that the Subpoena had been addressed to the wrong entity and should instead be addressed to "HSBC Bank USA NA." Nowhere in HSBC's letter, however, did it provide that no documents responsive to the Subpoena are in its possession, custody, or control. Further, prior to February 3, HSBC never indicated that the Subpoena was addressed to the incorrect entity. In fact, in both the January 10 correspondence and the January 20 correspondence, HSBC acknowledged receipt of the Subpoena and indicated it had *already* begun searching and *gathering* responsive records.

As of the date of this letter-motion, HSBC has failed to produce a single document responsive to the Subpoena, and has failed to file an objection to the Subpoena, as permitted by Rule 45(d)(2)(B), Fed. R. Civ. P. The parties, via the February correspondence, have met the meet-and-confer requirement and that process was unsuccessful. Additionally, undersigned counsel has attempted to contact HSBC by phone on multiple occasions in February and March but has been directed to different departments each time. As such, undersigned counsel has not been successful in attempting to contact anyone at HSBC who can assist in this matter.[2] Therefore, Applicant requests that the Court enter an order compelling HSBC to comply with the Subpoena.

## II.   HSBC's Failure to Respond to Applicant's Subpoena

When a non-party fails to respond to a *subpoena duces tecum*, the party who served the subpoena "may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). Rule 45(c)(2)(A) states that a subpoena seeking documents, electronically stored information, or tangible things must command their production at a place within 100 miles of "where the commanded person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). The subpoena at issue was properly issued by this Court. Because HSBC operates in New York, New York, this letter-motion is brought in this District.

Additionally, "[m]otions to compel compliance with Rule 45 subpoenas are governed by the relevancy and proportionality guidelines of Rule 26." *Delta Air Lines, Inc. v. Lightstone Group, LLC*, 2021 WL 2117247, at 2 (S.D.N.Y. 2021). "Under Rule 26(b)(1), discoverable information is any non-privileged information that is 'relevant to any party's claim or defense and proportional to the needs of the case.' Relevancy 'is an extremely broad concept' and needs only be 'reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* Finally, Rule 45(d)(1) indicates

---

[2]   On March 18, 2022 the undersigned also reached out to HSBC via email, to an email address provided by HSBC's Legal Paper Processing Department. The undersigned has yet to receive a response.

"that a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). "[T]he subpoena recipient may move to quash or modify the subpoena if it subjects a person to undue burden." *Top Jet Enterprises, Ltd. v. Kulowiec*, 2022 WL 280459, at 4 (S.D.N.Y. 2022).

In *United States ex rel. Ortiz v. Mount Sinai Hosp.*, the defendants subject to the subpoena at issue were "ready, willing, and able to produce the requested data." 169 F. Supp. 3d 538, 543 (S.D.N.Y. 2016). Moreover, the defendants never served any objections to the subpoenas. *Id.* at 543-544. In that case, the court found that because the subpoenas at issue were relevant, the subpoenas did not make a request that was unduly burdensome, and because the defendants did not object to the subpoenas, the Court granted the plaintiff's motion to compel. *Id.* at 546.

Similarly, the Subpoena is relevant as it seeks bank documents that could directly support Applicant's contentions that funds were improperly diverted from the Hlace Trust. Indeed, this Court implicitly determined that the Subpoena was relevant when it granted the Application and authorized Applicant to serve the Subpoena on HSBC. Moreover, the Subpoena is not unduly burdensome, as it is limited in scope, and undersigned counsel even provided additional bank account information in order to assist with HSBC's search. Finally, HSBC has not made any objections to the Subpoena or communicated that it is unable to produce the requested documents. As such, in accordance with Federal Rule of Civil Procedure 45 and *Ortiz*, this Court should enter an order compelling HSBC to comply with and respond to the Subpoena.[3]

### III. Conclusion

For the reasons stated above, Applicant requests this Court enter an order compelling HSBC to comply with and respond to the Subpoena issued on January 3, 2022 and grant all other relief that this Court deems just and proper.

### IV. Certificate of Conferral

Pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.2, undersigned counsel certifies that he has conferred with HSBC regarding the issues contained herein and attempted to resolve these issues without the need for Court intervention. Notwithstanding, these issues have not been resolved as a consequence of such conference.

Sincerely,

*/s/ David M. Levine*
David Levine, Esq.

---

[3] The other two subpoenas permitted by the Application were responded to. Citigroup, Inc. produced responsive documents and Bank of New York Mellon Corporation provided that no documents existed. By contrast, HSBC has not produced documents nor responded that no documents exist within its possession, custody or control.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 21, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day HSBC USA, Inc. via email to us.hbus.subpoenas@us.hsbc.com and hand delivery at the following address:

HSBC USA, Inc.
c/o Records Custodian
452 Fifth Avenue
New York, New York 10018

By: */s/ David M. Levine*
David M. Levine, Esq.